**Ted O. GROEBL et al., Appellants,**

v.

**A. E. WALKER, Sr. et al., Appellees.**

**No. 5187.**

Court of Civil Appeals of Texas, Eastland.

June 22, 1978.

Rehearing Denied July 6, 1978.

Robert H. Moore, III, and John A. Burgess, Burgess & Moore, Big Spring, for appellants.

Greg Gossett, Logan, Lear, Gossett & Harrison, San Angelo, for appellees.

McCLOUD, Chief Justice.

The issue is whether under the facts presented interest charges are a part of "the costs of drilling, testing, completing and equipping" certain oil wells drilled pursuant to a written agreement and assignment.

On November 8, 1962, W. C. Kinkel assigned to Ted O. Groebl, A. E. Walker, Sr., and A. E. Walker, Jr., two oil and gas leases. Thereafter, on December 17, 1962, A. E. Walker, Sr., A. E. Walker, Jr., and Ted O. Groebl executed an "Assignment and Agreement" whereby the Walkers assigned to Groebl all of "their right, title and interest" in the two leases, "SAVE AND EXCEPT, [Walkers] . . . reserve and retain unto themselves, their heirs and assigns, an overriding royalty of ⅛th of ⅞ths of all oil, gas . . . produced and saved from the assigned premises, which overriding royalty shall be delivered to . . . [Walkers] free and clear of all expenses of drilling, developing, operating and maintaining the assigned premises . . ." In the assignment and agreement, Ted O. Groebl agreed to drill four wells on the assigned premises within a specified time. The agreement expressly provided that "all costs of drilling, testing and completing the wells" would be at the sole cost and expense of Groebl. The assignment and agreement further provided:

"At such time as TED O. GROEBL has recouped from production from the assigned premises a sufficient amount over and above operating expenses to repay 100% of the costs of drilling, testing, com-

pleting and equipping the wells specified above, the ⅛th overriding royalty interest retained by A. E. WALKER and A. E. WALKER, JR. will automatically become a one-half working interest, subject to the proportionate burden of the overriding royalties set forth in the Assignment from W. C. KINKEL . . ."

Subsequent to the execution of the "Assignment and Agreement" on December 17, 1962, Ted O. Groebl conveyed an undivided one-half interest of the interest he owned in the two oil and gas leases to William J. Pollard.

Plaintiffs, A. E. Walker, Sr., and A. E. Walker, Jr., sued defendants, Ted O. Groebl and William J. Pollard, seeking an accounting and title to an undivided one-half interest in the two oil and gas leases. Defendants, Groebl and Pollard, included in their answer an allegation that they were entitled to recover a reasonable rate of interest on the funds advanced for the purpose of drilling, testing, completing and equipping the wells. All matters between the parties were settled except the issue of interest. The case was submitted upon an "agreed statement of facts" pursuant to Rule 263, T.R.C.P. The trial court denied defendants' request for interest. Defendants have appealed. We affirm.

In *Cox v. Davison,* 397 S.W.2d 200 (Tex. 1965), the court was concerned with an accounting between cotenants where one cotenant produces minerals from the common property without having secured the consent of the other cotenant. There the court held that interest charges were not a part of the necessary and reasonable cost of producing and marketing the oil. Clearly, the instant case is factually distinguishable. We think, however, the basic rule announced in *Cox* is applicable. The Walkers consented to the development of the minerals, but the written agreement expressly provided that all costs of drilling, testing, and completing the wells would be the "sole cost and expense" of Groebl. The parties agreed that the Walkers had no obligation to pay money to Groebl. Therefore, there can be no obligation implied by law. The court in *Cox* said:

". . . Interest is an incident of debt and is not payable in the absence of an obligation binding one person to pay money to another. *Barker v. Torrey,* 69 Tex. 7, 4 S.W. 646 (1887); *Maryland Casualty Co. v. Lee,* 165 S.W.2d 135 (Tex.Civ. App., 1942, wr. ref.). The obligation may be expressly set forth in a contract or it may be implied in law . . ."

Plaintiffs owed no debt or personal obligation to pay money to defendants. As stated in *Cox,* "As there is no debt or enforceable personal obligation, it follows that a claim for interest as such cannot be supported."

Judgment of the trial court is affirmed.