**STATE of Missouri, Respondent,**

v.

**Ben T. ROGERS, Appellant.**

**Nos. WD 59861, WD 60353.**

Missouri Court of Appeals,
Western District.

Jan. 28, 2003.

---

Tara L. Jensen, Assistant Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joel A. Block, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, P.J., and LOWENSTEIN and HARDWICK, JJ.

EDWIN H. SMITH, Presiding Judge.

Ben T. Rogers appeals from the judgment of his convictions, following a jury trial in the Circuit Court of Jackson County, of attempted statutory rape in the second degree, § 564.011;[1] three counts of statutory sodomy in the second degree, § 566.064; statutory rape in the second degree, § 566.034; and forcible rape, § 566.030. The appellant was found by the trial court to be a prior offender, § 558.016, and a predatory sexual offender, § 558.018, and was sentenced to consecutive terms of imprisonment of five years for attempted statutory rape, seven years for each count of statutory sodomy, seven years for statutory rape, and life imprisonment for forcible rape, without eligibility for parole until he has served twenty-seven years of his life sentence.

In the appellant's sole point on appeal, he claims that the trial court erred in sentencing him to an extended term of life imprisonment on his conviction for forcible rape as a predatory sexual offender, under § 558.018, because that section is unconstitutional as being violative of due process in that it does not require the State to prove beyond a reasonable doubt the charged previously committed act that would qualify the defendant as a predatory sexual offender, under § 558.018.5(2).

We affirm.

## Facts

In early January 2000, the appellant was living in Kansas City, Missouri, with his sister, Laquita Broadnax; her children; and D.W., the daughter of another sister. At that time, the appellant was thirty-three years old and D.W. was only fourteen.

In mid-January 2000, the appellant began sleeping with D.W. One night, shortly after the appellant began sleeping with D.W., he returned home intoxicated, pulled D.W.'s pants down, performed oral sex on her, and unsuccessfully attempted to have sex with her. Following this incident, the appellant told D.W. that he would kill her and himself if she told anyone what had happened. Several nights later, the appellant had sex with D.W., and thereafter, the two had sex almost every day until March 2000. During that period of time, the appellant performed oral sex on D.W. five times, and he forced her to perform oral sex on him five times.

In March 2000, the appellant temporarily moved out of his sister's home and went to St. Louis to attend trucking school. He returned approximately one month later and attempted to resume his sexual relationship with D.W. When D.W. told the appellant that she did not want to have sex with him anymore, he choked her and hit her until she agreed to continue to have sex. In late April 2000, D.W. found out that she was pregnant and told Broadnax that the appellant was the father. Broadnax called the police and informed them of what she had learned.

At some point, D.W. had an abortion, after which the Kansas City, Missouri, Police Department obtained a DNA sample from the aborted fetus and compared it to DNA samples from D.W. and the appellant. The results supported D.W.'s claim that the appellant was the father. As a consequence, the appellant was arrested. He admitted to the police that he had sex with D.W. more than twenty times and that he knew she was fourteen years old at the time.

[1]. All statutory references are to RSMo 2000, unless otherwise indicated.

The appellant was charged by indictment on May 26, 2000, in the Circuit Court of Jackson County with two counts of second-degree attempted statutory rape, three counts of second-degree statutory sodomy, four counts of incest, second-degree statutory rape, and forcible rape. The State filed an information on January 29, 2001, which mirrored the May 26, 2000, indictment in all respects except that it did not include the four incest charges, and it charged him as a prior offender, § 558.016, and a predatory sexual offender, § 558.018. In charging the appellant as a predatory sexual offender, the State alleged that he had raped Broadnax in Fresno, California, on or about July 13, 1984.

The appellant's case proceeded to a jury trial on January 30, 2002. Prior to *voir dire*, the trial court conducted a hearing to determine whether the appellant was a prior and predatory sexual offender, as charged by the State. As to the appellant being a prior offender, the State introduced a certified copy of the appellant's felony conviction in Fresno County, California, for second-degree robbery. Based on that conviction, the trial court found that the appellant was a prior offender. As to the appellant's charged status as a predatory sexual offender, the State requested and was granted a continuance to present evidence. The hearing was subsequently held during a recess in the State's case-in-chief.

During the predatory sexual offender status hearing, the State called Broadnax as a witness. She testified that the appellant had forcibly raped her several times over a one-week period in July 1984 when their family lived in Fresno, California, at which time she was ten years old and he was fifteen. Avivia Rose, a sister of both the appellant and Broadnax, testified that she returned to their home in Fresno one day, and, after hearing someone say that the appellant had raped Broadnax, saw the appellant pulling up his pants as he ran out of the back door of their house. D.W. testified that the appellant had admitted to her that he had sex with Broadnax when they lived in California. During the hearing, the State introduced Exhibit # 2, a document filed in the Superior Court of California, Fresno County, Juvenile Division, which purportedly showed that the appellant had been convicted of raping Broadnax. While the appellant disputed that this document reflected that he had actually been convicted of rape, there was no dispute that the appellant was, in fact, charged. Based on the State's evidence at the hearing, the trial court found that the appellant had forcibly raped Broadnax, as alleged, and based thereon, found him to be a predatory sexual offender, as defined in § 558.018.5(2).

On February 1, 2001, the jury returned verdicts finding the appellant guilty of second-degree attempted statutory rape,[2] three counts of second-degree statutory sodomy, second-degree statutory rape, and forcible rape. On March 15, 2001, the trial court sentenced the appellant, as a prior offender and predatory sexual offender, to consecutive sentences of five years imprisonment on the attempted statutory rape, seven years on each of the three counts of statutory sodomy, seven years for statuto-

---

**2.** As to the other count of second-degree attempted statutory rape, submitted to the jury in Instruction No. 7, the corresponding verdict form returned by the jury stated, "As to Count 3, we, the jury, find the defendant Ben T. Rogers guilty of *Statutory Rape in the Second Degree* as submitted in Instruction No. 7."

(Emphasis added.) The trial court's judgment reflects that the court, *sua sponte*, set aside the jury verdict as to Count 3, after it discovered that the verdict form and the charge reflected different offenses. The State subsequently dismissed Count 3.

ry rape, and life imprisonment for forcible rape, with the appellant required to serve a minimum of twenty-seven years on his life sentence before becoming eligible for parole. The only conviction on which the appellant received an enhanced sentence as a predatory sexual offender was his conviction for forcible rape.

This appeal follows.

## I.

In the appellant's sole point on appeal, he claims that the trial court erred in sentencing him to an extended term of life imprisonment on his conviction for forcible rape as a predatory sexual offender, under § 558.018, because that section is unconstitutional as being violative of due process in that it does not require the State to prove beyond a reasonable doubt the charged previously committed act that would qualify the defendant as a predatory sexual offender, under § 558.018.5(2). We disagree.

■■■■ With respect to our standard of review, the State contends that the appellant did not preserve his constitutional claim of error for appellate review because he failed to raise it at the earliest opportunity. To preserve a constitutional claim for appeal, "the claim must have been raised at the earliest opportunity and preserved at each step of the judicial process." *State v. Stottlemyre*, 35 S.W.3d 854, 861 (Mo.App.2001) (*quoting State v. Sumowski*, 794 S.W.2d 643, 647 (Mo. *banc* 1990)). Specifically, a party must: (1) raise the constitutional issue at the first available opportunity; (2) specifically designate the constitutional provision claimed to have been violated by express reference to the article and section of the constitution or by quoting the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review. *State v.*

*Knifong*, 53 S.W.3d 188, 192 (Mo.App.2001) (citation omitted). The earliest opportunity for the appellant to have raised his constitutional challenge to § 558.018 would have been during the predatory sexual offender status hearing. *See Stottlemyre*, 35 S.W.3d at 861 (stating that the constitutional challenge to a statute that allows enhanced sentencing for certain offenders must be raised at the first opportunity, which is typically the offender status hearing). In that regard, the record reflects that the appellant not only failed to raise his constitutional claim at the predatory sexual offender hearing, but also failed to raise it in his motion for new trial. "Attacks on the constitutionality of a statute are of such dignity and importance that raising such issues as an afterthought in the brief on appeal will not be tolerated." *City of Chesterfield v. Dir. of Revenue*, 811 S.W.2d 375, 378 (Mo. *banc* 1991) (citation omitted). Thus, the appellant's constitutional claim in this point was not preserved for appellate review such that our review, if any, would be for plain error under Rule 30.20. *State v. Parker*, 886 S.W.2d 908, 925 (Mo. *banc* 1994).

■■■■ Rule 30.20 provides, in pertinent part, that "[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review. *State v. Carr*, 50 S.W.3d 848, 853 (Mo.App.2001). In determining whether to exercise its discretion to conduct plain error review, the appellate court looks to determine whether on the face of the appellant's claim substantial grounds exist for believing that the trial court committed an evident, obvious and clear error,

which resulted in manifest injustice or a miscarriage of justice. *State v. Dudley*, 51 S.W.3d 44, 53 (Mo.App.2001); *State v. Hibler*, 21 S.W.3d 87, 96 (Mo.App.2000).

■ If the appellate court chooses to exercise its discretion and conduct plain error review, the process involves two steps. First, the court must determine whether the trial court committed error, affecting substantial rights, that was evident, obvious and clear. *Hibler*, 21 S.W.3d at 96. As in the case of our review for "regular" error, not every evident, obvious and clear error found in plain error review mandates reversal. *Carr*, 50 S.W.3d at 853. In the case of review for "regular" error, to be reversible, the found error must have prejudiced the appellant. *State v. Taylor*, 67 S.W.3d 713, 715 (Mo.App.2002). Likewise, in the case of review for plain error, the found error must have prejudiced the appellant, except that such prejudice must rise to the level of manifest injustice or a miscarriage of justice. *State v. Cole*, 71 S.W.3d 163, 170 (Mo. *banc* 2002). Thus, even if evident, obvious and clear error is found in the first step of the procedure, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom. *Hibler*, 21 S.W.3d at 96. Because the appellant's claim of error does not facially establish substantial grounds for believing that the trial court committed an evident, obvious and clear error which resulted in manifest injustice or a miscarriage of justice, we decline plain error review.

■ The appellant was charged and sentenced as a "predatory sexual offender" under § 558.018.4, which reads:

The court shall sentence a person who has pleaded guilty to or has been found guilty of the felony of forcible rape, statutory rape in the first degree, forcible

sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes or child molestation in the first degree when classified as a class B felony or sexual abuse when classified as a class B felony to an extended term of imprisonment as provided for in this section if it finds the defendant is a predatory sexual offender.

"A person found to be a predatory sexual offender shall be imprisoned for life with eligibility for parole." § 558.018.6. For purposes of § 558.018, § 558.018.5 sets out three options for being classified as a predatory sexual offender. The appellant was charged under the second option, § 558.018.5(2), which provides that a person is a predatory sexual offender who "[h]as previously committed an act which would constitute an offense listed in subsection 4 of this section, whether or not the act resulted in a conviction." As to the previously committed act qualifying the appellant as a predatory sexual offender, the State alleged that the appellant had raped Broadnax in Fresno, California, on or about July 13, 1984. The appellant contends that because § 558.018 did not require that the State prove the previously committed act alleged, sufficient to classify him as a predatory sexual offender, beyond a reasonable doubt, it is constitutionally infirm as violating due process and, therefore, it was error to sentence him to an extended term of life imprisonment under that statute.

While the appellant is correct that § 558.018 does not provide that the prior committed act alleged to classify a person as a predatory sexual offender, under § 558.018.5(2), be proven beyond a reasonable doubt, § 558.021, governing extended term procedures, does. It provides, in pertinent part, that:

Word

The court shall find the defendant to be a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender if:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(2) *Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a* prior offender, persistent offender, dangerous offender, persistent sexual offender or *predatory sexual offender;* and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender.

§ 558.021.1 (emphasis added). Giving the language of § 558.021.1 its plain and ordinary meaning, *see Pavlica v. Dir. of Revenue,* 71 S.W.3d 186, 189 (Mo.App.2002) (stating that in attempting to ascertain legislative intent, we are to give the language of the statute its plain and ordinary meaning), it is clear that the legislature intended that every fact essential to a determination that a person is a predatory sexual offender, which would necessarily include the alleged prior committed act charged under § 558.018.5(2), has to be proven beyond a reasonable doubt. Thus, the appellant's claim that § 558.018 permits a person to be sentenced as a predatory sexual offender, as defined in § 558.018.5(2), without the charged prior committed act being proven beyond a reasonable doubt, is without merit.

The record indicates that the trial court found that the appellant had forcibly raped Broadnax on or about July 13, 1984, which led to its finding that he was a predatory sexual offender, as defined in § 558.018.5(2). The evidence presented at the predatory sexual offender hearing, discussed *supra,* was sufficient to support that finding beyond a reasonable doubt.

Point denied.

### Conclusion

The judgment of the circuit court convicting the appellant of attempted statutory rape in the second degree, three counts of statutory sodomy in the second degree, statutory rape in the second degree, and forcible rape, and sentencing him thereon as a prior and predatory sexual offender, is affirmed.

LOWENSTEIN and HARDWICK, JJ., concur.