**Stephen CARTER, Movant–Appellant,**

v.

**STATE of Missouri, Defendant–Respondent.**

**No. 24994.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 25, 2003.

Craig A. Johnston, Asst. State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Patrick T. Morgan, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Stephen Carter (movant) pleaded guilty to tampering in the first degree, § 569.080.1(2), and receiving stolen property, § 570.080.[1] He was sentenced to two concurrent terms of six years' imprison-

---

1. References to statutes are to RSMo 2000.

ment. Following imprisonment, movant filed a pro se motion for post-conviction relief as permitted by Rule 24.035. Counsel was appointed and an amended motion filed. The motion was denied after an evidentiary hearing. This court affirms.

At the guilty plea hearing in movant's criminal case, the prosecuting attorney recited what the state would prove if the case were tried. The trial court and movant were advised that police had observed a stolen pickup truck. A man was seen leaving the truck. Officers pursued the individual on foot. They found movant lying on the ground hiding from them. Movant was wearing clothing that matched what the man they saw fleeing the truck was wearing. A search of movant's residence and the truck produced items belonging to the owner of the truck, Poplar Bluff School District. Movant admitted the state's statement of the evidence was accurate.

Movant had two previous commitments to the department of corrections prior to the sentences imposed for the offenses for which he pleaded guilty. Section 558.019.2(2) states that a defendant with two previous prison commitments to the department of corrections for felonies not related to his current offense must serve a minimum of 50% of the sentence for a new felony.

Movant's first point on appeal asserts the motion court erred in denying his assertion in his Rule 24.035 motion that his counsel in the underlying criminal case was ineffective "because she unreasonably failed to inform [movant] that he would be required to serve at least 50% of any sentence executed pursuant to Section 558.019." He contends his pleas of guilty were not voluntarily or intelligently given because his counsel misadvised him "he would have to serve 85% of his sentences 'due to his prior dangerous felony,' which

was incorrect"; that his pleas of guilty were therefore "unknowing, unintelligent, and involuntary." He argues but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial.

■ Point I goes beyond the claim for relief movant presented to the motion court. Movant's claim to the motion court was:

> Counsel was ineffective in that counsel unreasonably failed to inform movant that he would be required to serve at least 50% of any sentence executed pursuant to section 558.019 because of his prior deliveries into the Missouri Department of Corrections.

It made no claim of ineffective assistance of counsel for counsel having "misadvised [movant] that he would have to serve 85% of his sentences 'due to his prior dangerous felony,' ...." Likewise, in movant's deposition testimony that was admitted in evidence at the evidentiary hearing, he made no claim that he had been told he could expect to serve 85% of any sentence imposed upon his plea of guilty. The only reference in his testimony to his having knowledge with respect to a requirement that he serve a minimum period of imprisonment was:

> Q. [by movant's counsel] One of the claims in your amended post-conviction motion concerns counsel not telling you that you would be required to serve at least 50 percent of any sentence executed pursuant to Section 558.019 of Missouri Revised Statutes.
>
> At any time prior to your plea were you told about any sort of minimum term requirement?
>
> A. No.
>
> Q. How many prior deliveries in the Missouri Department of Corrections did you have when you pled in this case?

A. Two.

Q. So two prior deliveries?

A. Yes.

Q. Were you told that that would have any impact on the amount of time that you served?

A. No.

Q. What have you learned since you've been in Department of Corrections?

A. That I have to serve half of my sentence before I'm eligible for parole.

. . .

Q. Had counsel told you that any sentence you received that resulted in the delivery to the Department of Corrections would result in a 50 percent parole ineligibility, what would you have done?

A. I wouldn't have pled guilty.

Movant apparently seized on the testimony at the evidentiary hearing of the attorney who represented him in the underlying criminal case to attempt to assert a further ground for relief in this appeal than was presented to the motion court. At the evidentiary hearing before the motion court, the attorney who represented movant in the criminal case was told movant had alleged she was ineffective because she had not told him he would be required to serve at least 50% of any sentence that he was given. She was asked if she had any conversation with movant about how much time he would serve. She answered that she did; that she told him she thought he would have to serve 85% of any sentence due to his prior convictions.

■ Point I attempts to assert a claim on appeal different from that presented to the trial court. To the extent it differs from the basis for the Rule 24.035 motion

raised in the motion court, it cannot be reviewed on appeal. *Milner v. State,* 975 S.W.2d 240, 243 (Mo.App.1998). This court will, therefore, consider only the question raised in movant's Amended Rule 24.035 Motion regarding whether his counsel was ineffective in not advising him he would not be eligible for parole until he served a minimum of 50% of his sentence.

The motion court found:

> In *Reynolds v. State,* 994 S.W.2d 944[, 946 (Mo.banc 1999)], the Missouri Supreme Court has stated that eligibility for parole is considered to be a collateral consequence of a guilty plea and that information about a person's eligibility for parole is not a direct consequence in which a defendant must be informed so that his plea is considered to be voluntarily and intelligently made. The Court further stated that neither defendant's counsel nor the trial court is under an affirmative obligation to inform the defendant of the parole consequence of a guilty plea.
>
> See also *Donaldson* [*sic*] *v. State,* (Mo. App[.] 2000) 34 S.W.3rd 827.

That finding was not clearly erroneous. Point I is denied.

■ Point II contends the motion court "plainly erred" in not granting movant's Rule 24.035 motion "because the purported factual basis did not indicate that [movant] knew that he did not have the consent of the owner to drive the vehicle, and thus failed to support the tampering plea, and the purported factual basis did not indicate that [movant] knew or believed the property that they found in the vehicle and [movant's] house was stolen, and thus failed to support the receiving plea." Plain error review is not granted in post-conviction cases. *Powell v. State,* 945

S.W.2d 622, 624 (Mo.App.1997). "Rule 24.035(d) requires that the post-conviction motion include all of the claims and those not raised in the motion are waived." *Smith v. State,* 970 S.W.2d 916 (Mo.App. 1998). The claim asserted in Point II was not raised in movant's Rule 24.035 motion.

Point II is denied. The judgment is affirmed.

PREWITT, P.J., and RAHMEYER, C.J., concur.