**STATE of Missouri, Respondent,**

v.

**Holly A. PRUITT, Appellant.**

**No. ED 85993.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 23, 2006.

Edward S. Thompson, Assistant Public Defender, St. Louis, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

## PATRICIA L. COHEN, Judge.

### Introduction

Holly Pruitt ("Defendant") appeals from the trial court's judgment entered in the Circuit Court of the City of St. Louis upon her conviction by a jury of one count of possession of a controlled substance, heroin, and one count of possession of more than thirty-five grams of marijuana. In her appeal, Defendant contends that the trial court erred when it sentenced her for committing two "class A" felonies despite the fact that the offenses with which the State charged Defendant are classified as "class C" felonies. We remand for the purpose of entry of an order *nunc pro tunc* correcting the written Sentence and Judgment to reflect that Defendant was convicted of two "class C" felonies.

### Statement of the Facts and Proceedings Below

Viewed in the light most favorable to the verdict, the evidence adduced at trial establishes that, on March 1, 2003, police received a tip regarding drug activity in the upstairs apartment at 3317 A Wisconsin in the City of St. Louis. In the days that followed, police conducted surveillance of the apartment. During the surveillance, police observed numerous people enter the apartment and leave minutes later.

On March 7, 2003, police secured a search warrant. When the police arrived at Defendant's apartment to execute the warrant, they notified Defendant that they had a warrant to search for drugs. Defendant acknowledged the warrant and informed the police that she was the only person who lived in the one bedroom apartment.

During the search of Defendant's apartment, police found a plastic bag containing 3.14 grams of heroin, a bag containing 178.18 grams of marijuana, over $1000 in cash and a scale. Thereafter, police read Defendant her Miranda warnings. Defendant told the arresting officers that she "couldn't take [the] case" and offered to work it off by helping police catch other drug dealers.

The State charged Defendant with possession of a controlled substance, heroin, a "class C" felony, and possession of a controlled substance, marijuana, in an amount more than thirty-five grams, a "class C" felony. Defendant pleaded not guilty and the case proceeded to trial.

On the first day of Defendant's trial, the State filed a Substitute Information In Lieu of Indictment charging Defendant as a prior and persistent offender and a prior and persistent drug offender and changing the classification of the underlying charges. Specifically, the Substitute Information alleged in Count I that Defendant committed the "class A" felony of possession of a controlled substance, heroin, in violation of Section 195.202 and 195.275 RSMo. Count II alleged that Defendant committed the "class A" felony of possession of a controlled substance—marijuana in an amount more than thirty-five grams in violation of Section 195.202 and 195.275 RSMo.

At the close of evidence the jury found Defendant guilty of both counts. Having previously found Defendant to be a prior and persistent offender and a prior and persistent drug offender, the court sentenced Defendant to ten (10) years on each count, both sentences to run concurrently pursuant to Section 217.362, the long-term drug treatment program. The court noted in its written Sentence and Judgment that Defendant had been convicted of "class A"

felonies in Counts I and II. This appeal followed.

### Discussion

In her sole point on appeal, Defendant contends that the trial court plainly erred when it sentenced her for two "class A" felonies based solely on her status as a prior and persistent offender and a prior and persistent drug offender when the underlying offenses with which she was charged are classified by statute as "class C" felonies. In response, the State acknowledges that the trial court erred when it memorialized Defendant's convictions as "class A" felonies on the Sentence and Judgment form.

■ Both parties correctly assert that the underlying charges here remained "class C" felonies regardless of whether the Substitute Information charged Defendant as a prior and persistent offender and a prior and persistent drug offender. *See State v. Ralston,* 39 S.W.3d 546, 551 (Mo. App. W.D.2001); *Davis v. State,* 860 S.W.2d 388, 389 (Mo.App. E.D.1993); *State v. Richardson,* 838 S.W.2d 122, 126 (Mo. App. E.D.1992) (a sentence enhancement under Section 195.285 does not reclassify the underlying conviction.) The parties disagree on a solution to the problem. While Defendant requests that we reverse and remand for resentencing to correct this error, the State asserts that this error may be corrected *nunc pro tunc.*

■ The record supports the State's contention that a *nunc pro tunc* correction is warranted to conform the Sentence and Judgment form to the verdict rendered at trial and the trial court's subsequent sentencing of Defendant. As a general rule, "*nunc pro tunc* proceedings may be used only to correct clerical mistakes in recording the judgment rendered." *Roedel v. Roedel,* 788 S.W.2d 788, 790 (Mo.App. E.D. 1990). *Nunc pro tunc* corrections cannot serve to correct judicial oversights or render a different judgment even though the judgment actually entered was unintended. *Id.*

In this case, the State charged Defendant with possession of controlled substance, heroin, and more than thirty-five grams of marijuana, in violation of Section 195.202. Section 195.202, provides, in pertinent part:

1. ... [I]t is unlawful for any person to possess or have under his control a controlled substance.

2. Any person who violates this section with respect to any controlled substance except thirty-five grams or less of marijuana is guilty of a class C felony.

3. Any person who violates this section with respect to not more than thirty-five grams of marijuana is guilty of a class A misdemeanor.

(Emphasis added). The trial court instructed the jury regarding possession pursuant to MAI–CR 325.02. Specifically, Instruction 5 provided, in pertinent part:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on March 7, 2003, in the City of St. Louis, State of Missouri, the defendant possessed heroin, a controlled substance, and

Second, that defendant knew or was aware of its presence and nature, then you will find the defendant guilty under Count I of possessing a controlled substance.

Instruction 6, provided, in pertinent part:

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on March 7, 2003, in the City of St. Louis, State of Missouri, the de-

fendant possessed more than 35 grams of marijuana, a controlled substance, and

Second, that defendant knew or was aware of its presence and nature, then you will find the defendant guilty under Count II of possessing more than 35 grams of marijuana.

At the close of the evidence the jury found Defendant guilty of possession of heroin, as submitted in Instruction 5, and guilty of possession of more than thirty-five grams of marijuana, as submitted in Instruction 6. The jury returned two guilty verdicts which, according to Section 195.202, amounted to two "class C" felony convictions.

Subsequently, the trial court sentenced Defendant based on her two "class C" felony convictions. Indeed, at sentencing, the trial court stated:

[I]t will be the order and judgment of this Court that with respect to Count I, the charge of possession of a controlled substance, heroin, having been found prior and persistent, it is the order and judgment of this Court that the defendant be sentenced to ten years imprisonment in the Missouri Department of Corrections ... pursuant to Section 217.362.

Court further orders that with respect to Count II, defendant is sentenced to ten years imprisonment in the Missouri Department of Corrections ... pursuant to Section 217.362.

Accordingly, the record supports the conclusion that the trial court committed a mere clerical error when it memorialized in its written Sentence and Judgment that Defendant had been convicted of "class A" felonies in Counts I and II and said error is properly amended *nunc pro tunc* to reflect the disposition in the trial court. *See State v. Bradley,* 247 S.W.2d 351, 353 (Mo.App.1952); *State v. Olney,* 987 S.W.2d 466, 468 (Mo.App. W.D.1999).

### Conclusion

The cause is remanded to the trial court with directions to correct the written Sentence and Judgment *nunc pro tunc* to reflect that Defendant was convicted of two "class C" felonies.

MARY K. HOFF, P.J. and CLIFFORD H. AHRENS, J., Concurs.