**Kevin W. DOBBS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 27912.

Missouri Court of Appeals,
Southern District,
Division One.

June 22, 2007.

Margaret M. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Evan J. Buchheim, Office of Atty. Gen., Jefferson City, for respondent.

DANIEL E. SCOTT, Judge.

Appellant pled guilty to the class C felony of stealing by deceit and was sentenced to ten years as a prior and persistent offender. RSMo § 570.030, 558.016.[1] His amended Rule 24.035 motion claimed, in pertinent part, that plea counsel assured appellant he would receive probation, and appellant would not have pleaded guilty without an assurance of probation. It further asserted that plea counsel did not know, and failed to inform appellant of, the sentencing range for a prior and persistent offender. The motion court denied relief after an evidentiary hearing.

On appeal, appellant claims plea counsel misadvised him that he could be sentenced to as little as three years, when his minimum sentence as a prior and persistent offender was (according to appellant) five years.[2]

■ Our review is limited to whether the motion court's judgment was clearly erroneous. Rule 24.035(k). We cannot find the motion court clearly erred on appellant's appeal point since appellant presents a different claim than he made in the motion court. Appellant's current claim that he was misadvised about the minimum sentence is not the same as his motion court claim that his lawyer assured him probation. Thus, it is not subject to our review. *Carter v. State*, 97 S.W.3d 563, 566 (Mo.App.2003).

■ Moreover, appellant admitted that he understood he faced up to 15 years as a persistent offender and the State was requesting up to ten years. Appellant is simply wrong about a five-year minimum sentence. RSMo § 558.016.7 enhances only "*maximum* terms of imprisonment." (Emphasis added.)[3] By its terms and like our enhancement statutes for drug offense

---

1. Unless otherwise indicated, statutory references are to Missouri Revised Statutes (2000) and rule references are to Missouri Rules of Court (2006).

2. As a preliminary matter, we have granted appellant's motion to accept his declaration correcting a signature deficiency in his *pro se* Rule 24.035 motion. Respondent has not objected, and our supreme court recently confirmed such deficiencies are not jurisdictional. *Glover v. State*, 225 S.W.3d 425 (Mo. banc, 2007).

3. Respondent correctly notes this statute was amended in 2003, after appellant's offense but before his plea and sentencing. The amendment did not change the language we have quoted.

recidivists, RSMo § 558.016 did not convert or reclassify appellant's class C felony into a class B felony. Compare *State v. Pruitt,* 192 S.W.3d 512, 514 (Mo.App.2006)(collecting RSMo chapter 195 cases so holding). Appellant could have been sentenced to anything within the class B *or* class C felony ranges inclusive, including the three-year sentence appellant's plea counsel requested.

The judgment is affirmed.

PARRISH, J., and RAHMEYER, P.J., concur.