**STATE of Missouri, Respondent,**

v.

**Steven Shane COWAN, Appellant.**

No. WD 67254.

Missouri Court of Appeals,
Western District.

March 18, 2008.

Craig A. Johnston, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before HAROLD L. LOWENSTEIN, P.J., JOSEPH M. ELLIS, and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Steven Cowan was charged with the class B felony of burglary in the first-degree, section 569.160;[1] the class A misdemeanor of stealing, section 570.030; the class A misdemeanor of leaving the scene of an accident involving an all terrain vehicle, section 577.065; and the class B misdemeanor of property damage in the second-degree, section 569.120. Mr. Cowan entered a plea of guilty to all four counts. Subsequently, Mr. Cowan filed a motion to set aside the guilty plea. The trial court held a hearing on the motion and explained that setting aside the guilty plea and trying the case would result in charging Mr. Cowan as a prior and persistent offender, which would increase the range of punishment for the B felony to an A felony,

subjecting him to a sentence of ten to thirty years or life imprisonment. Mr. Cowan indicated that he understood. The trial court set aside the guilty plea because Mr. Cowan admitted to lying when he pled guilty and the court could not accept a guilty plea under those circumstances.

Before trial, the prosecutor dismissed the charges of leaving the scene of an accident and property damage. A jury tried Mr. Cowan for the remaining charges. At the close of evidence, Mr. Cowan's motion for judgment of acquittal was denied. The jury returned a verdict of guilty for burglary and stealing.

During the sentencing hearing, Mr. Cowan argued that the trial court has the authority to impose a minimum sentence of five years because the wording of the statute does not limit the court to a ten-year sentence. The State objected but had no authority to support its objection. The trial court responded: "Okay, thank you. Is there anything else by the parties in this matter? Well, the Court, having considered the alternatives and having granted allocution in this matter, now asks is there any just cause or legal reason why the Court should not impose sentence at this time?" The trial court stated it had considered the pre-sentence report, the arguments, and the defendant's allocution. Mr. Cowan was sentenced to ten years imprisonment for burglary and one year in county jail for stealing to run concurrently. Mr. Cowan appeals his sentence.

■ The State argues that the standard of review should be for plain error because Mr. Cowan did not object when he was sentenced to ten years imprisonment and because he did not mention sentencing error in his motion for new trial. We note that Mr. Cowan could not have raised the

1. All statutory references are to RSMo 2000 and the Cumulative Supplement 2004.

issue of sentencing error because his motion for new trial was filed on July 13 and the sentencing hearing was not held until July 31.

■ Mr. Cowan states that he brought this issue to the court's attention at the correct time, during the sentencing hearing. Errors in sentencing should be brought to the court's attention during the sentencing hearing to preserve them for review. *State v. Olney*, 954 S.W.2d 698, 700 (Mo.App. W.D.1997). Mr. Cowan brought this to the sentencing court's attention during the sentencing hearing, so the issue was preserved for review. Essentially, this is a construction by the court of the prior and persistent offender statute, section 558.016. A trial court's construction of a statute is a question of law which we review *de novo*. *Delta Air Lines, Inc. v. Dir. of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995).

■ During the hearing on the motion to set aside the guilty plea, the trial court stated that, applying the prior and persistent offender statute, the charges under the B felony would be changed to an A felony, and Mr. Cowan would be subject to a range of sentences from ten to thirty years or life imprisonment. "The total authorized maximum terms of imprisonment for a persistent offender or a dangerous offender are ... (2) For a class B felony, any sentence authorized for a class A felony[.]" § 558.016.7; *see also Dobbs v. State*, 226 S.W.3d 269, 270–71 (Mo.App. S.D.2007). Thus, the statute only extends the maximum sentence but does not alter the minimum sentence. The range of punishment for a B felony is five to fifteen years. § 558.011.1(2). The range of punishment for an A felony is ten to thirty years or life imprisonment. § 558.011.1(1). Thus, Mr. Cowan's range of punishment, as a prior and persistent offender, should have been five to thirty years or life im-

prisonment. The trial court's interpretation was incorrect.

■ "A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome." *Wraggs v. State*, 549 S.W.2d 881, 884 (Mo. banc 1977). This is so even if it is likely the court will return the same sentence. *Id.* Although there was a significant amount of time between the trial court's statement defining the range of punishment and the sentencing hearing, the trial court never acknowledged that a mistake was made nor did the trial court state that Mr. Cowan's sentence was based on the correct range of punishment. This point is granted.

The judgment regarding the sentence is reversed and the sentence is vacated. We remand to the trial court for resentencing.

HAROLD L. LOWENSTEIN, P.J. and JOSEPH M. ELLIS, J. concur.