**Lawrence Edward EDELMAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 29248.**

Missouri Court of Appeals, Southern District, Division Two.

May 28, 2009.

Irene Karns, Ellen H. Flottman, Columbia, for Appellant.

Chris Koster, Atty. General, John W. Grantham, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Lawrence Edward Edelman ("Movant") appeals the denial of his Rule 24.035 [1] motion for post-conviction relief; he claims the sentencing court based his sentences on a mistaken belief about a fact in the case. We find no error and affirm the judgment.

---

1. All rule references are to Missouri Court Rules (2009), unless otherwise specified.

■ Our review of the trial court's action on a Rule 24.035 motion shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous if this Court is left with the definite and firm impression that a mistake has been made after reviewing the entire record." *Voyles v. State*, 272 S.W.3d 921, 923 (Mo.App. S.D.2009).

Movant pled guilty to second-degree murder and stealing after he stole a car, drove in an extremely fast and reckless manner, and collided with a truck, causing both vehicles to burst into flames and the death of Mathew Gilliam. The prosecutor agreed to a *nolle prosequi* on a charge of leaving the scene of an accident and agreed to recommend no more than twenty years imprisonment. At sentencing, the prosecutor actually recommended fourteen years imprisonment. Movant was sentenced to twenty years for second-degree murder and seven years for stealing, to be served concurrently.

The facts as stated both at the plea hearing and the sentencing hearing indicate that both Movant and the deceased were trapped in their burning vehicles; however, Movant's brother kicked in the windshield and pulled Movant out of the stolen vehicle. Movant's brother made some attempt to help the deceased out of his vehicle but when that failed, he and Movant left the scene with Mr. Gilliam still alive in a burning automobile. Movant now complains about remarks made by the sentencing court that indicate the court thought Movant was traveling at one hundred miles per hour. Movant insists that he was traveling closer to sixty miles per hour.

■ Movant claims in his point that a sentence which is based on a mistaken belief about a fact of the case is subject to review in a Rule 24.035 motion to set aside a guilty plea. Specifically, Movant cites to *State v. Cowan*, 247 S.W.3d 617 (Mo.App. W.D.2008), for the proposition that a sentence based on materially false information lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome. *Id.* at 619. Movant's reliance upon *Cowan* is misplaced. *Cowan* involved a case in which the trial court incorrectly believed that it was required to sentence a persistent offender to a certain minimum sentence. *Id.* at 619. Movant is complaining about a seeming misstatement of one fact of the case by the sentencing judge. That apparent misstatement does not rise to any due process violation. Even if the court erred in the determination of the speed of the vehicle at the time of the accident, the remaining facts certainly form the basis for a constitutionally valid sentence.

Movant stole an automobile and drove it recklessly, causing a head-on collision resulting in the death of a man. Prior to the accident, Movant forced another man off the road at a speed of approximately seventy to seventy-five miles per hour in the wrong lane. After the accident, Movant left a man to die in a burning car. The serious charge of leaving the scene of an accident was not prosecuted by the State in exchange for the plea. Movant was sentenced to twenty years, no more than the maximum the prosecutor agreed to recommend to the court, and less than the life sentence he could have received. Movant was clearly informed at the sentencing, and he does not argue to the contrary, that sentencing was solely within the court's purview. It appears Movant's claim really is that the sentencing judge must have been unduly influenced by the statement regarding the vehicle's speed because the

judge entered a sentence greater than what the prosecutor had recommended. Such a claim has no merit. The findings and conclusions of the motion court are not clearly erroneous. The judgment is affirmed.

PARRISH, J., and BURRELL, P.J., concur.