

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101823 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Thomas J. Prebil |
| ANGELO JOHNSON, | ) | |
| | ) | |
| Appellant. | ) | Filed: November 24, 2015 |

### Introduction

Angelo Johnson (Defendant) appeals the judgment and sentence of the Circuit Court of St. Louis County entered after a jury trial convicting him of five counts of first-degree statutory sodomy, three counts of first-degree statutory rape, three counts of incest, and one count of second-degree rape. The trial court sentenced Defendant as a predatory sexual offender to a term of life imprisonment with the possibility of parole after 25 years' incarceration. In two points on appeal, Defendant claims that the trial court (1) plainly erred by finding Defendant to be a predatory sexual offender at the sentencing hearing in violation of § 558.021 RSMo 2000, which requires that the finding be made before submission of the case to the jury; and (2) erred by finding Defendant to be a predatory sexual offender under § 558.018.5(3) RSMo Cum. Supp. 2013, because that section should not have been interpreted to apply to Defendant. Because the trial court did not err by classifying Defendant as a predatory sexual offender under the plain

meaning of § 558.018.5(3) and the trial court's violation of § 558.021's timing requirement did not cause Defendant to suffer a manifest injustice, we affirm.

**Background**

Defendant was charged with 13 felony counts for the ongoing sexual abuse of his two step-daughters, D.P. and R.J., and his biological daughter, L.J., beginning when D.P. was five or six years old, R.J. was eleven years old, and L.J. was fifteen or sixteen years old. Specifically, Defendant was charged with six counts of first-degree statutory sodomy and three counts of first-degree statutory rape as to R.J. and D.P, three counts of incest as to D.P, R.J., and L.J., and one count of second-degree statutory rape as to L.J. Although Defendant had no prior convictions, the information in lieu of indictment charged Defendant as a predatory sexual offender as to both R.J. and D.P. under § 558.018, which defines "predatory sexual offender" and subjects such offenders to a mandatory minimum term of life imprisonment with the possibility of parole.[1]

After the close of evidence and before submission of the case to the jury, the trial court, outside the jury's presence, considered the State's request that Defendant be classified as a predatory sexual offender. The State acknowledged that § 558.021, which governs the procedure for determining whether a defendant is a predatory sexual offender subject to an extended term, requires a hearing, but that the trial court had just heard all the evidence against Defendant. The State then asked the trial court to find Defendant to be a predatory sexual offender based on the evidence adduced at trial "for D.P. and R.J." under § 558.018.5(3). In response, Defendant argued that § 558.018.5(3) did not apply because it had not yet been determined whether Defendant had "committed any acts against anyone," given that "we are in trial." The trial court denied the State's request, finding that § 558.018.5(3) "does not apply to the facts of this

---

[1] The information in lieu of indictment did not charge Defendant as a predatory sexual offender as to L.J., given that the offenses against L.J.—incest and second-degree statutory rape—are not predicate offenses for charging a defendant as a predatory sexual offender.

2

situation." The trial court reasoned, "[T]he statute is designed to contemplate conduct of a defendant of a prior time and not to consider the evidence of the charges for which the defendant is on trial . . . [or] to also have those constitute other acts which would support finding of predatory sexual offender."

Subsequently, the jury found Defendant guilty of five counts of first-degree statutory sodomy, three counts of first-degree statutory rape, three counts of incest, and one count of second-degree rape.[2] At sentencing, the State again asked the trial court to classify Defendant as a predatory sexual offender. Defendant reiterated that § 558.018.5(3) does not apply to him because it refers to "prior incidents," meaning incidents that occurred prior to those charged in the present case. The trial court, however, reversed its prior ruling, stating:

> I think that Section 558.018[.5(3)] is applicable here. And it allows for a determination of a person as a predatory sexual offender if the Court finds that he has committed an act or acts against more than one victim which would constitute an offense as set forth in the statute.
>
> The jury has found [Defendant] guilty of a large number of sexual offenses against three separate victims. And the Court does make a determination of [Defendant], to be a predatory sexual offender and finds that [Defendant] is such an offender under the section of the statute and that this is punishment[,] that having made this determination[,] punishment will be imposed under this statute and that the Court is also authorized to and must set the minimum amount of time that the defendant is required to serve in the penitentiary prior to his release.
>
> And so that will be the determination that the Court has made here. And this is based on the evidence that was presented at trial, the testimony that was presented by the three victims and, of course, by the verdicts that were returned by the jury in this number of counts. I believe it was twelve counts of the thirteen. And these were offenses of statutory rape, statutory sodomy and incest.

Consequently, the trial court sentenced Defendant as a predatory sexual offender to eight concurrent terms of life imprisonment with eligibility for parole after 25 years for his first-degree statutory sodomy and first-degree statutory rape convictions, concurrent to a term of four years'

---

[2] The jury acquitted Defendant of one count of first-degree statutory sodomy.

imprisonment for each of his incest convictions, and concurrent to a term of seven years' imprisonment for his second-degree rape conviction. Defendant appeals.

**Standard of Review**

Both of Defendant's points relied on relate to the trial court's decision at sentencing to classify Defendant as a predatory sexual offender. "The general rule with respect to preservation of error is that an objection stating the grounds must be made at trial, the same objection must be set out in the motion for new trial and must be carried forward in the appellate brief to preserve it." *State v. Chambers*, 234 S.W.3d 501, 512 (Mo. App. E.D. 2007) (citation and quotations omitted).

However, the trial court did not rule that it would sentence Defendant as a predatory sexual offender until sentencing, *after* Defendant's motion for new trial was due and determined by the trial court. Because Defendant could not have raised his claims that the trial court erred by sentencing him as a predatory sexual offender in his motion for a new trial, we treat Defendant's claims as preserved to the extent Defendant raised his arguments at sentencing. *See State v. Cowan*, 247 S.W.3d 617, 619 (Mo. App. W.D. 2008) (errors in sentencing are preserved if brought to the trial court's attention at sentencing).

Here, the sole claim Defendant raised at sentencing is that the trial court erred by classifying him as a predatory sexual offender under § 558.018.5(3) because that section only applies to conduct prior to the offenses charged and not to the acts charged—a claim Defendant's second point encompasses. The trial court's construction of the predatory sexual offender statute is a question of law that this Court reviews de novo. *See Cowan*, 247 S.W.3d at 619. To the extent that Defendant's claims are otherwise unpreserved, we may exercise our discretion to review those claims for plain error. *See State v. Rogers*, 95 S.W.3d 181, 185-86 (Mo. App. W.D.

4

2003).  Further, because Defendant's first point relied on presumes that the trial court's classification of Defendant as a predatory sexual offender is correct—a determination Defendant challenges in his second point—we consider Defendant's second point first.

**Point II: Predatory Sexual Offender Classification under § 558.018.5**

In his second point relied on, Defendant claims that the trial court erred by finding Defendant to be a predatory sexual offender under § 558.018.5(3) because that section should not have been interpreted to apply to Defendant.  In the argument portion of his brief, Defendant explains that § 558.018.5(3) only applies to conduct prior to the offenses charged and such classification cannot be based on the acts charged, as the trial court determined in the present case.  The State responds that § 558.018.5(3) requires that the defendant must have committed the prohibited criminal sexual conduct against more than one victim, which may include the charged conduct.

A person found to be a predatory sexual offender is subject to a minimum term of life imprisonment with eligibility for parole.  *Rogers*, 95 S.W.3d at 186 (citing § 558.018.6).  The pertinent language of § 558.018, which enumerates three circumstances under which a defendant may be classified as a predatory sexual offender, provides:

5.  For purposes of this section, a "predatory sexual offender" is a person who:

   (1) Has previously been found guilty of committing or attempting to commit [first-degree statutory rape or first-degree statutory sodomy]; or

   (2) Has previously committed an act which would constitute [first-degree statutory rape or first-degree statutory sodomy], whether or not the act resulted in a conviction; or

   (3) *Has committed an act or acts against more than one victim which would constitute [first-degree statutory rape or first-degree statutory sodomy], whether or not the defendant was charged with an additional offense or offenses as a result of such act or acts*.  [Emphasis added.]

As noted, the trial court classified Defendant as a predatory sexual offender under subparagraph (3). Few appellate courts have considered the language of § 558.018.5 and none, to our knowledge, have determined whether the acts charged may form the basis for a predatory sexual offender finding under § 558.018.5(3). When construing statutory language, our primary goal is to discern the intent of the legislature. *State v. Owen*, 216 S.W.3d 227, 229 (Mo. App. W.D. 2007). The best indicator of that intent is the language used. *See State v. Evans*, 455 S.W.3d 452, 457 (Mo. App. E.D. 2014). Statutory language within the same act or section that relates to the same or similar subject matter are "in pari materia" and should be considered in context and construed harmoniously. *See State v. Knapp*, 843 S.W.2d 345, 347 (Mo. banc 1992). When statutory language is clear and unambiguous, we must apply it as written and judicial construction is not permitted. *See Owen*, 216 S.W.3d at 229.

Defendant construes § 558.018.5(3) to apply only to *prior* proscribed criminal sexual conduct, based on that subparagraph's use of the word "has." The phrase "[h]as committed an act or acts" is in present perfect tense, which indicates action started in the past and recently completed or is continuing up to the present time. *See Offenbacker v. Sodowsky*, 499 S.W.2d 421, 424 (Mo. banc 1973) (recognizing that language written in the present perfect tense does not contemplate past conduct). Thus, the statute's use of the term "has" does not dictate that § 558.018.5(3) only refers to conduct before the crimes charged.

There is otherwise no indication in subparagraph (3), standing alone, to support Defendant's interpretation that § 558.018.5(3) does not include acts presently charged for purposes of offender classification. Support for Defendant's construction of § 558.018.5(3) also cannot be found when the other subparagraphs of § 558.018.5 are considered. Instead, when the three subparagraphs of § 558.018.5 are read together, it is clear that the legislature envisioned

6

that predatory sexual offender classification under § 558.018.5(3) may, indeed, be based on the crimes charged. Specifically, reading § 558.018.5(3) to refer exclusively to conduct before the crimes charged would render it redundant and superfluous because § 558.018.5(2)—through use of the phrase "has *previously* committed" (emphasis added)—already encompasses criminal sexual conduct pre-dating the crimes charged. It follows, that to avoid rendering subparagraph (3) meaningless surplusage, § 558.018.5(3)—read together and harmoniously with the other subparagraphs of § 558.018.5—includes acts of criminal sexual conduct against more than one victim, some of which may form the basis for the charges in the defendant's present case. *See Evans*, 455 S.W.3d at 459 n. 7 (statutes should not be interpreted so as to render some phrases nugatory).

Defendant points out that § 558.018.5(3) does not expressly provide that the crimes charged may be considered for purposes of offender classification and that the statute's silence should be construed against the State. *See State v. Mack*, 12 S.W.3d 349, 351 (Mo. App. W.D. 2000) (noting statutory principle that where statute is ambiguous it will be construed against the State). Invocation of this principle, however, is unnecessary because the statute's silence in this regard does not render the statute ambiguous. While there is no statement in § 558.018.5 expressly indicating that the acts charged can form the basis for predatory sexual offender classification under subparagraph (3), this subparagraph does specifically recognize that the proscribed conduct may be that which was charged, via the language "whether or not the defendant was charged." Through this language, the legislature intended that the prohibited acts included for purposes of predatory sexual offender classification may be those for which the defendant was charged. Further, the express mention of prior conduct in § 558.018.5(2) and the absence of similar language in subparagraph (3), implies that subparagraph (3) is not limited to

7

conduct before the offenses charged. *See In re Sanders*, 341 S.W.3d 762, 769 (Mo. App. W.D. 2011) (under the statutory principle of maxim *expression unis est exclusio alterius*, the express mention of one thing implies the exclusion of another). Accordingly, we hold that for purposes of classifying a defendant as a predatory sexual offender under § 558.018.5(3), a court may consider criminal sexual conduct charged in the defendant's present case.

Here, the trial court considered the evidence adduced against Defendant in the present case, which included multiple counts of first-degree rape and first-degree statutory sodomy against more than one victim. Because the statute allows for classification of a defendant as a predatory sexual offender where he commits such acts against more than one victim, here D.P. and R.J., even when those acts are the subject of the present charges, we conclude that the trial court did not err by interpreting § 558.018.5(3) consistent with our holding and classifying Defendant as a predatory sexual offender.[3] Point II denied.

### Point I: Extended Term Procedures Under § 558.021

Having concluded that the trial court did not err by classifying Defendant as a predatory sexual offender, we next consider Defendant's claim that the trial court violated the procedural requirements of § 558.021. Specifically, Defendant claims that the trial court plainly erred by finding Defendant to be a predatory sexual offender at the sentencing hearing in violation of § 558.021.2, which requires that the finding be made before submission of the case to the jury. According to Defendant, he suffered a manifest injustice as a result because the trial court was required to sentence him to an enhanced sentence of life in prison for his first-degree statutory sodomy and first-degree statutory rape convictions instead of being able to consider the full

---

[3] Defendant raises an additional unpreserved claim that we must interpret § 558.018.5(3) consistent with his interpretation to make the statute constitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Defendant, however, did not raise the constitutional validity of the statute at the earliest opportunity and, therefore, this claim is waived. *See Ross v. State*, 335 S.W.3d 479, 481 (Mo. banc 2011).

range of punishment. The State concedes that the trial court failed to abide by the timing requirement of § 558.021.2, but asserts that Defendant cannot establish plain error.

As Defendant notes, he never raised this claim of error before the trial court and, thus, our review is for plain error. In conducting plain error review "the appellate court looks to determine whether on the face of the appellant's claim substantial grounds exist for believing that the trial court committed an evident, obvious and clear error, which resulted in manifest injustice or a miscarriage of justice." *Rogers*, 95 S.W.3d at 185-86. "First, the court must determine whether the trial court committed error, affecting substantial rights, that was evident, obvious and clear." *Id.* at 186. "[E]ven if evident, obvious and clear error is found in the first step of the procedure, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom." *Id.*

Generally, a criminal defendant, upon a finding of guilt, has a statutory right to jury assessment. § 557.036.3 RSMo Cum. Supp. 2003. However, a defendant who is determined to be a predatory sexual offender loses that right. § 557.036.4. A predatory sexual offender is also subject to an enhanced sentence, requiring a mandatory minimum sentence of life imprisonment with the possibility of parole. § 558.018.6. A defendant not subject to sentence enhancement as a predatory sexual offender for first-degree statutory sodomy or first-degree statutory rape is subject to a sentence range of 10 years to life imprisonment. § 558.011.1(1) RSMo Cum. Supp. 2003.

Section 558.021 sets forth the procedure for determining whether a defendant is a predatory sexual offender as follows: (1) "[t]he indictment or information . . . pleads all essential facts warranting a finding that the defendant is a . . . [predatory sexual offender];" (2) "[e]vidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond

9

a reasonable doubt that the defendant is a [predatory sexual offender];" and (3) "[t]he court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a [predatory sexual offender]." § 558.021.1. Further, § 558.021.2, relevant to Defendant's point relied on, states, "In a jury trial, the facts [establishing a defendant to be a predatory sexual offender] shall be pleaded, established and found *prior to submission to the jury* outside of its hearing . . . ." (Emphasis added).

Here, the State pleaded the facts to establish Defendant as a predatory sexual offender in the information, established those facts during trial and, before submission of the case to the jury, asked the trial court to classify Defendant as a predatory sexual offender. The trial court declined to do so at that time, finding under its erroneous interpretation of § 558.018.5(3) that that provision did not apply to Defendant. Then, after the jury returned its verdict, the trial court at sentencing reversed its prior ruling, determined that § 558.018.5(3) was applicable, and found Defendant to be a predatory sexual offender. Subsequently, the trial court sentenced Defendant as a predatory sexual offender to life imprisonment with the possibility of parole after 25 years' incarceration. As the parties agree, the timing of this finding is contrary to the mandate of § 558.021.2 and is, therefore, error.

The remaining question is whether Defendant suffered prejudice as a result. In our view, Defendant cannot establish that he suffered a manifest injustice as a result of the trial court's error. This is because Defendant waived jury sentencing and Defendant cannot be prejudiced by the loss of right that he expressly waived. Likewise, Defendant cannot show that he was prejudiced because he was subject to an enhanced sentence under § 558.018.6. Mainly, the sentence Defendant received—life with the possibility of parole after 25 years' imprisonment— did not exceed the unenhanced statutory range—10 years to life imprisonment—that the trial

court could have imposed for his first-degree statutory sodomy and first-degree statutory rape convictions had Defendant not been sentenced as a predatory sexual offender. *See State v. McGee*, 284 S.W.3d 690 (Mo. App. E.D. 2009) (the defendant did not suffer prejudice, despite violation of § 558.021.2 timing requirement, where the defendant was not entitled to jury sentencing and sentences imposed did not exceed the unenhanced statutory range). Likewise, we note that the enhanced sentence Defendant received, giving him the possibility of parole after 25 years' imprisonment, is actually less than Defendant could have received had he been sentenced under the unenhanced range. Mainly, had Defendant been sentenced to life absent sentence enhancement, he would have been required to serve 25 and one-half years' imprisonment before becoming eligible for parole. *See* § 558.019.3 (requiring a defendant convicted of a dangerous felony to serve at least 85 percent of his prison term).

This case is, thus, unlike the cases Defendant relies on—*State v. Teer*, 275 S.W.3d 258 (Mo. banc 2009), and *State v. Starnes*, 318 S.W.3d 208 (Mo. App. E.D. 2010)—because in those cases, the trial court's violation of the § 558.021.2 timing requirement deprived the defendants of either jury assessment or subjected them to a higher sentence that could not have otherwise been imposed. Defendant's reliance on *State v. Wilson*, 343 S.W.3d 747 (Mo. App. E.D. 2011), and *State v. Collins*, 328 S.W.3d 705 (Mo. banc 2011), is similarly unavailing. In *Wilson*, the trial court failed to make any finding regarding the defendant's chronic offender status, but sentenced the defendant as a chronic offender absent such a finding. 343 S.W.3d at 749. In *Collins*, there was no § 558.021.2 violation and the Supreme Court remanded for resentencing based on the State's failure of proof. 328 S.W.3d at 709. The circumstances establishing prejudice in *Wilson* and *Collins* are not present here.[4] Point I denied.

---

[4] Even the State acknowledges concerns regarding the constitutionality of Missouri's extended term procedural requirements under § 558.021. In *Alleyne*, the United States Supreme Court held that any fact that increases a

## Conclusion

The judgment of the trial court is affirmed.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

---

defendant's mandatory minimum sentence for a crime must be submitted to a jury and proven beyond a reasonable doubt. 133 S.Ct. at 2158. Under Missouri's extended term procedures for predatory sexual offenders, § 558.021.1(3) requires the trial court, instead of the jury, to make the predatory sexual offender finding that enhances a defendant's mandatory minimum sentence. To the extent that *Alleyne* requires the jury, and not the trial court, to determine facts that increase the mandatory minimum sentence, any error in this regard was not prejudicial because the trial court based its finding on the jury's determination beyond a reasonable doubt that Defendant did, indeed, commit the proscribed sexual conduct against multiple victims—inuring to Defendant all the procedural safeguards provided for in the Sixth Amendment. However, in similar circumstances if a trial judge follows the statute and makes a finding before submission, the resulting sentence would be subject to attack under *Alleyne*.