STATE of Missouri, Respondent,

v.

Vernon T. BIZZELL, Appellant.

No. ED 90303.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 7, 2008.

Lenny Kagan, Clayton, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Vernon T. Bizzell ("Defendant") appeals the judgment entered by the trial court convicting him of the class D felony of driving while intoxicated. We affirm in part, and reverse and remand in part.

## I. BACKGROUND

Defendant was arrested in 2006 at a sobriety check point, and charged with driving while intoxicated. To enhance the charge from a misdemeanor to a class D felony, the State alleged that Defendant was a persistent intoxication related traffic offender because he had had two prior intoxication-related traffic offenses. As proof of Defendant's persistent offender status, the State presented evidence that Defendant had pleaded guilty to driving while intoxicated in 1989 in Cape Girardeau municipal court, and in 2004 in St. Charles County circuit court. Based on this evidence, the trial court found that Defendant was a persistent offender. Defendant was then tried by a jury, and found guilty of driving while intoxicated. The trial court entered judgment convicting Defendant of the class D felony offense of driving while intoxicated. The trial court sentenced Defendant to three years imprisonment, but suspended the execution of that sentence and placed Defendant on five years of probation. Defendant appeals.

## II. DISCUSSION

In his first point on appeal, Defendant argues that one of the prior offenses used to enhance his offense from a misdemeanor to a felony should not have been considered.

Driving while intoxicated is a class D felony offense for persistent offenders. Section 577.023.3 RSMo Cum.Supp.2007.[1] A persistent offender is defined by statute as "a person who has pleaded guilty to or has been found guilty of two or more intoxication-related offenses." Section

---

1. All further statutory citations are to RSMo Cum.Supp.2007, unless otherwise noted.

577.023.1(4)(a). The definition of intoxication-related offenses includes driving while intoxicated, and driving under the influence of alcohol in violation of municipal ordinance. Section 577.023.1(3).

The trial court found Defendant to be a persistent offender because the State proved two prior guilty pleas. One of these two guilty pleas occurred in 1989, when Defendant pled guilty to violating a municipal ordinance and received a suspended imposition of sentence. Defendant now argues that this guilty plea cannot be used to prove his persistent offender status.

■ At the time of Defendant's trial, our courts had allowed the use of prior municipal offenses to enhance punishment under Section 577.023, whether or not that offense resulted in a suspended imposition of sentence. *See State v. Meggs*, 950 S.W.2d 608, 612 (Mo.App.S.D.1997). However, after Defendant's trial, the Missouri Supreme Court held that prior municipal offenses resulting in a suspended imposition of sentence could *not* be used to enhance punishment under Section 577.023. *Turner v. State*, 245 S.W.3d 826, 829 (Mo. banc.2008). Because *Turner* was determined before Defendant's direct appeal was complete, we are bound by its interpretation. Therefore, Defendant's sentence as a persistent driving while intoxicated offender is reversed and remanded to the trial court with instructions to allow the State to present other evidence to establish Defendant's persistent offender status. Point granted.

■ In his second point, Defendant contends that he received ineffective assistance of counsel. However, a claim of ineffective assistance of counsel is not cognizable on direct appeal. *State v. Maxwell*, 168 S.W.3d 521, 521 (Mo.App. E.D. 2005). Point denied.

### III. CONCLUSION

The judgment of the trial court is affirmed in part, and reversed and remanded in part. We affirm the Defendant's conviction for driving while intoxicated, but reverse Defendant's sentence as a persistent driving while intoxicated offender. The cause is remanded to the trial court for resentencing with instructions to allow the State to present new evidence of Defendant's status as a persistent offender. *See State v. Cobb*, 875 S.W.2d 533 (Mo. banc.1994).

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., Concur.