**STATE of Missouri, Respondent,**

v.

**Vanessa J. SEVERE, Appellant.**

**No. SC 89948.**

Supreme Court of Missouri,
En Banc.

Jan. 12, 2010.

Nancy A. McKerrow, Office of the Public Defender, Columbia, MO, for appellant.

Chris Koster, Attorney General, Richard A. Starnes, Asst. Attorney General, Jefferson City, MO, for respondent.

MICHAEL A. WOLFF, Judge.

Vanessa Severe was charged with driving while intoxicated (DWI) and, because of two prior offenses, she was charged as a persistent offender. The persistent offender statute—which raises the offense from a misdemeanor to a class D felony—requires the state to present evidence to the trial court of her prior convictions and

findings of guilt before the case is tried to a jury. The state submitted two prior alcohol-related offenses—a class B misdemeanor DWI conviction and a municipal DWI guilty plea that resulted in a suspended imposition of sentence. Upon the jury's verdict of guilt in this case, the trial court sentenced Severe as a persistent offender to three years in prison.

While the appeal of her conviction was pending, this Court decided *Turner v. State*, 245 S.W.3d 826 (Mo. banc 2008), which held that a municipal DWI plea that resulted in a suspended imposition of sentence could not be used to enhance the offense to a class D felony.

Severe is guilty of DWI, and there is no cause for a new trial. But *Turner* requires that Severe's felony conviction be reversed and that, as in *Turner*, the case be remanded for re-sentencing. The question presented here is whether, on remand of Severe's conviction to the trial court, the state may offer evidence of other alcohol-related offenses that were not presented before the original trial.[1]

Because of the timing requirement of the statute—which requires the trial court to determine persistent offender status before the case is submitted to the jury—there is no opportunity for the state to have a twice-bitten apple.

The judgment is reversed, and the case is remanded.

### Facts and Procedural History

Vanessa Severe and Steve Gabriel were driving in Gentry County when their car flipped into a ditch in January 2007. Passersby who helped get Severe and Gabriel out of the car reported that they smelled beer and saw beer cans in the car. Severe admitted that she was driving. At the hospital, Trooper Jason Cross noticed that Severe had a strong odor of alcohol, that her eyes were bloodshot and that her speech was slurred. He performed several field sobriety tests on which she performed poorly. Severe agreed to take a breath test but gave a sample too small to make a measurement.

Severe was charged by amended information as a persistent DWI offender with one count of DWI. Before submitting the case to the jury, the trial court found Severe to be a prior and persistent DWI offender based on the state's submission of two prior alcohol related-convictions.

The first prior conviction was a Missouri municipal violation from 1999 in which Severe pleaded guilty to DWI and received a suspended imposition of sentence. The second was a Gentry County charge of the class B misdemeanor of driving while intoxicated to which Severe pleaded guilty and received a $350 fine plus the payment of all court costs. Severe presented no evidence, and the jury returned a verdict finding her guilty of DWI. She was sentenced as a persistent DWI offender to three years imprisonment. Severe appeals.

While her appeal was pending, this Court decided *Turner v. State*, 245 S.W.3d 826, in which this Court held that a prior municipal DWI conviction that resulted in a suspended imposition of sentence could not be used to enhance a conviction for driving while intoxicated.

After opinion in the court of appeals, this Court granted transfer and has jurisdiction. Mo. Const. art. V. sec. 10.

---

1. No question is presented here as to whether the determination of prior offenses involves a factual determination that might require a jury finding. *See Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In most cases the decision as to prior offenses presents only legal questions that can be decided by the court.

## Standard of Review

Any issue that was not preserved can only be reviewed for plain error, which requires a finding that manifest injustice or a miscarriage of justice has resulted from the trial court error. *State v. McLaughlin*, 265 S.W.3d 257, 262 (Mo. banc 2008). Rule 30.20 provides that the appellate courts can conduct plain error review of sentences. Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice. *State v. Kimes*, 234 S.W.3d 584, 590 (Mo.App. 2007).

## Analysis

Severe was charged as a persistent offender pursuant to section 577.023[2] to a class D felony.[3] A persistent offender is "a person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses." Section 577.023.1(4)(a). With a finding that Severe has only one prior offense, she cannot be found guilty of being a persistent offender, but she could be found guilty and sentenced for being a prior offender, a class A misdemeanor pursuant to section 577.023.2.[4]

The state argues that under controlling law at the time of Severe's trial, it pre-sented sufficient evidence to support the finding that Severe was a persistent offender. While Severe's case was pending on appeal, this Court decided *Turner v. State*, which the state argues changed the law. In *Turner* the defendant was found in the trial court to be a persistent offender where one of the two prior intoxication-related offenses used to prove his status as a persistent offender was a prior municipal offense that resulted in a suspended imposition of sentence (SIS). *Turner*, 245 S.W.3d at 826–27. Turner argued there were two conflicting provisions within section 577.023 that addressed the use of prior municipal SIS dispositions for enhancement purposes. *Id.* at 827. Turner argued section 577.023.1 and 2(a) permitted the use while section 577.023.14[5] disallowed the use. *Id.* This Court determined that the sections were ambiguous and, therefore, applied the rule of lenity to interpret the statute in Turner's favor. *Id.* at 828. The Court held that prior municipal offenses resulting in a suspended imposition of sentence could not be used to enhance punishment as a prior or persistent offender under section 577.023. *Id.* at 829.

In *Turner*, this Court made no new law; it merely clarified the language of an exist-

**2.** All statutory references are to RSMo Supp. 2007 unless otherwise indicated.

**3.** "Any person who pleads guilty to or is found guilty of a violation of section 577.010 or 577.012 who is alleged and proved to be a persistent offender shall be guilty of a class D felony." Section 577.023.3.

**4.** The first finding of DWI offense was and still is a class B misdemeanor pursuant to section 577.010. Because the state did show that Severe had a conviction for DWI in Gentry County, she could have been sentenced to a Class A misdemeanor under section 577.023.2: "Any person who pleads guilty to or is found guilty of a violation of section 577.010 or 577.012 who is alleged and proved to be a prior offender shall be guilty of a class A misdemeanor."

A "prior offender" was defined in section 577.023.1(5) as "a person who has pleaded guilty to or has been found guilty of one intoxication-related traffic offense, where such prior offense occurred within five years of the occurrence of the intoxication-related offense for which the person is charged." The same definition for a "prior offender" is now in section 577.023.1(6).

**5.** The language of section 577.023.14 was contained in section 577.023.16 at the time Severe was charged.

ing statute. At the time of Severe's trial, section 577.023.1(4)(a) defined a "persistent offender" as someone who "pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses." "Intoxication-related traffic offenses" were defined in section 577.023.1(3) as follows:

An "intoxication-related traffic offense" is driving while intoxicated ... or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the defendant was represented by or waived the right to an attorney in writing.

Yet, section 577.023.16 stated:

A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof *in a state court* shall be treated as a prior conviction.

(Emphasis added).

■ Under section 577.023.16, a plea of guilty followed by a suspended imposition of sentence in *state court* could be treated as a prior conviction, but the statute did not say that a plea of guilty followed by a suspended imposition of sentence in a *municipal* court could be treated as a prior conviction.[6] Though sections 577.023.1(3) and 577.023.16 may have been contradictory, the state was on notice that, under

section 577.023.16, Severe's guilty plea and suspended imposition of sentence in municipal court was not to be treated as a prior conviction. Therefore, if the state had evidence of an additional conviction that would have been treated as a prior conviction under the statute, the state should have offered it to the court before the case was submitted to the jury.

■ According to the state, at the time of Severe's trial, the state was following the law as interpreted in *State v. Meggs*, 950 S.W.2d 608 (Mo.App.1997). Although in *Meggs*, the court of appeals interpreted section 577.023 differently than this Court did in *Turner*,[7] the "clear words of the statute govern interpretation." *State of Missouri v. Stewart*, 832 S.W.2d 911, 913 (Mo. banc 1992). In *Stewart*, the defendant was charged as a persistent offender based on evidence of his two prior pleas to DWI felonies. The defendant argued that the state had not presented sufficient evidence under the plain language of the statute, while the state argued that it tracked the law as stated in MACH–CR 31.02 and the Notes on Use 4.d.ii (1985 Rev.). *Id.* at 913–914. This Court concluded that the language of the statute established that evidence must be produced that showed a total of three offenses for a charge of persistent offender and that the state only proved that the defendant was a prior offender.[8] *Id.* at 914. This Court further

---

**6.** This Court's decision in *Turner* reflects the common understanding that reference to "state court" does not include "municipal court." In actuality "municipal courts"—though they are funded by municipal governments and can be served by judges appointed locally—are divisions of the circuit court. Mo. Const. art. V., secs. 23 and 27. The words in criminal statutes, because they affect the general public and are written by lay legislatures, are interpreted in accordance with common understanding.

**7.** In *Meggs*, the court of appeals held that municipal offenses resulting in a suspended imposition of sentence did constitute "intoxication-related traffic offenses" as defined in section 577.023.

**8.** At the time of the *Stewart* opinion, the statute required that the offender pleaded guilty to or had been found guilty of two or more intoxication-related offenses committed within 10 years of a *previous* intoxication-related offense conviction, thus requiring three previous convictions.

stated: "To the extent that the recommended charge and accompanying Notes are contrary to this opinion, they shall no longer be followed." *Id.* It is also important to note that this Court affirmed the defendant's conviction as a prior offender and did not give the state an opportunity to present additional evidence on remand.

When presenting evidence against a defendant charged with a crime, the language of the statute is of paramount importance. Here, *Turner* created no new law. The state was on notice by the plain language of section 577.023.16 that a guilty plea followed by a suspended imposition of sentence in "municipal court" was not to be treated as a prior conviction. The state had the opportunity to prove that Severe was a persistent offender under the statute but did not.

The state relies on *State v. Cobb*, 875 S.W.2d 533 (Mo. banc 1994), for the proposition that it is permissible to present additional evidence on remand for resentencing. In *Cobb*, the defendant was convicted of DWI and sentenced as a persistent offender based on evidence of two prior intoxication-related offenses. While *Cobb*'s case was pending on appeal, this Court decided *Stewart*, which held that persistent offender status must be proven by proof of three prior convictions. As a result, *Cobb* argued that the state failed to establish his status as a persistent offender and that allowing the state to introduce additional evidence on remand of additional DWI offenses would violate his Fifth Amendment right against double jeopardy. *Id.* at 534. This Court held, however, that double jeopardy did not bar the state from presenting new evidence at re-sentencing to establish that Cobb was a persistent offender. *Id.* at 537.

Though *Cobb* may seem factually similar to the case at hand, *Cobb* did not involve the statutory timing issues that are dispositive in this case, and there was no discussion of them in the opinion. Section 558.021.2 says that "[i]n a jury trial, the facts shall be pleaded, established and found *prior to submission to the jury* . . . ." (Emphasis added). As a result, "[t]he plain language of section 558.021.2 imposes a mandate requiring that prior offender status be pleaded and proven prior to the case being submitted to the jury." *State v. Teer*, 275 S.W.3d 258, 262 (Mo. banc 2009).

This Court first addressed the issue of whether allowing the state to present evidence of prior offenses on remand violates the timing requirements of section 558.021.2 in *State v. Emery*, 95 S.W.3d 98 (Mo. banc 2003). In *Emery*, the defendant was convicted of a DWI offense and sentenced as a prior and persistent offender, but the state presented no evidence at trial to prove the prior offenses as required by statute. This Court followed the old adage that two wrongs do not make a right and did not allow the state to present evidence of Emery's prior offenses on remand for re-sentencing. "To remand and allow the state now to present evidence of Emery's alleged prior and persistent offender status would violate the timing requirement of section 558.021.2." *Id.* at 101.

More recently, this Court re-emphasized this principle in *Teer*, 275 S.W.3d at 262. *Teer* was involved in an alcohol-related automobile accident and was found guilty by a jury of four courts of involuntary manslaughter and one count of second-degree assault. *Id.* at 260. The court allowed the state to amend the information to charge Teer as a prior offender after the case was submitted to the jury but before the verdict. *Id.* Because Teer's status as a prior offender was not pleaded and proven prior to the case's submission to the jury, this Court held that the proce-

dure "violated the plain language of section 558.021.2." *Id.* at 262.

The state asks us to create an exception to *Emery*'s rule prohibiting further evidence of prior offenses on remand in cases where the prosecutor presented evidence that was sufficient to prove the prior offenses at the time of trial but that subsequently are declared to be insufficient by a supposedly new interpretation of the law. The statutory language provides no such exception. Such an exception would give the state "two bites at the apple" when the statute allows only one bite. If there were other potential convictions to be used at trial, the state should have presented that evidence before the cause was submitted to the jury.

## Conclusion

██ Allowing the state to present new evidence on remand would contravene the language of section 558.021.2, which requires that evidence of prior convictions be offered before the case is submitted to the jury.[9] The Court cannot make an exception to the statutory requirement, especially because the state was on notice of the language in section 577.023.16 that a guilty plea and suspended imposition of sentence in "municipal court" was not to be treated as a prior conviction.

The judgment of the circuit court is reversed, and the case is remanded.

RICHARD B. TEITELMAN, RUSSELL, FISCHER and LAURA DENVIR STITH, JJ., concur.

9. In *State v. Bizzell*, 265 S.W.3d 892 (Mo.App. 2008), a case factually identical to this case, the court remanded the case to the trial court for sentencing with instructions to allow the state to present additional evidence to establish the defendant's persistent offender status

BRECKENRIDGE, J., dissents in separate opinion filed.

PRICE, C.J., concurs in opinion of BRECKENRIDGE, J.

PATRICIA BRECKENRIDGE, Judge, dissenting.

I respectfully dissent. Today, the Court mandates that prosecutors second guess the holdings of appellate courts and submit evidence in anticipation of a post-trial change in the standard of proof. In so ruling, the Court adopts a special rule applicable only to the DWI prior and persistent offender statutes that is contrary to this Court's precedent and unfairly impedes the state's efforts to keep repeat drunk drivers off Missouri's roads. In contrast, on the finding that Vanessa Severe's claim of error is meritorious, I would follow precedent and remand the case to the trial court for additional proceedings during which the state can present evidence under the new standard of proof to show that Ms. Severe is a persistent DWI offender.

Ms. Severe was charged with the class D felony of DWI for acts that occurred January 12, 2007. The information filed against her also charged that she was a prior and persistent offender under section 577.023.[1] She was tried by a jury October 31, 2007.

As noted by the majority, a persistent DWI offender under section 577.023 is "a person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses." At both the time Ms. Severe was charged and the time of her jury trial, the law was that an

in light of *Turner*. *Id.* at 895. To the extent that *Bizzell* allowed the state to present new evidence on remand, the case is overruled.

1. All statutory references are to RSMo Supp. 2007 unless otherwise indicated.

"intoxication-related traffic offense" for purposes of section 577.023 included a guilty plea to a municipal DWI charge with a suspended imposition of sentence (SIS). *State v. Meggs,* 950 S.W.2d 608, 612 (Mo.App.1997). In *Meggs,* the court of appeals interpreted the definition of "intoxication-related traffic offense" in section 577.023 to include pleas of guilty to a DWI in violation of a municipal ordinance, whether a sentence was imposed or imposition of sentence was suspended. *Id.* In accordance with such law, the state alleged in its information that Ms. Severe was a persistent offender because she had been convicted previously of a class B misdemeanor of driving while intoxicated and had pled guilty to a municipal charge of DWI and received an SIS.

At trial, as required by section 558.021.1, the state presented evidence regarding Ms. Severe's prior intoxication-related traffic offenses prior to the case's submission to the jury. That evidence proved Ms. Severe's class B misdemeanor conviction and her municipal plea of guilty and SIS for DWI. Ms. Severe never asserted at trial that the municipal plea of guilty and SIS did not meet the definition of an intoxication-related traffic offense under section 577.023. Following the law as it existed at the time of trial, the trial court found that the evidence of Ms. Severe's state DWI conviction and municipal plea of guilty with an SIS was sufficient to prove that Ms. Severe was a persistent offender. The case was submitted to the jury only on the issue of guilt, and the jury found Ms. Severe guilty of the class D felony of DWI. The trial court subsequently sentenced Ms. Severe to three years in the department of corrections, and she appealed her conviction and sentence.

While her appeal was pending, this Court ruled in *Turner v. State* that conflicting subsections in section 577.023 created an ambiguity as to whether a plea of guilty to a municipal DWI ordinance where imposition of sentence is suspended is included in the definition of "intoxication-related traffic offense." 245 S.W.3d 826, 828 (Mo. banc 2008). The Court found that the rule of lenity[2] required a finding that prior municipal DWI offenses resulting in an SIS do not qualify as intoxication-related traffic offenses to enhance punishment under section 577.023. *Id.* at 829. This ruling was contrary to the holding in *Meggs* and, although the Court did not reference *Meggs* in its opinion, the effect of *Turner* was to overrule the holding of *Meggs. See T.Q.L. ex rel. M.M.A. v. L.L.,* 291 S.W.3d 258, 264–65 (Mo.App. 2009) (lower courts constitutionally are bound to follow the most recent controlling decision of the Supreme Court of Missouri); *see also* Mo. Const. art. V. sec. 2 ("The supreme court shall be the highest court in the state. . . . Its decisions shall be controlling in all other courts.").

When an appellant is successful in challenging the standard of proof for a criminal offense, the remedy is to remand the case for retrial under the proper standard of proof. *State v. Cobb,* 875 S.W.2d 533, 537 (Mo. banc 1994). In *Cobb,* the trial court found the defendant to be a persistent DWI offender because the state proved two prior intoxication-related offenses committed within a ten-year period. *Id.* at 534. While *Cobb's* case was pending on appeal, this Court decided *State v. Stewart,* 832 S.W.2d 911 (Mo. banc 1992), which held that Missouri's persistent DWI

**2.** The rule of lenity is a rule of statutory construction that is used when a criminal statute is ambiguous. *Bifulco v. U.S.,* 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Under the rule of lenity, any ambiguity in a criminal statute must be construed in favor of the defendant and against the state. *Id.*

offender statute only can be invoked by proof of three prior convictions. *Id.* This Court held that a remand to allow the state the opportunity to prove a third prior conviction did not violate double jeopardy. *Id.* at 537. To resolve Ms. Severe's case, this Court should rely on the rationale of *Cobb* because it is virtually factually identical to this case. 875 S.W.2d 533 (Mo. banc 1994).[3]

The remedy imposed by this Court in *Cobb* is consistent with the general principle that, when an appellant is successful in proving error on appeal, the remedy depends on the type of error that warranted reversal. *State v. Wood,* 596 S.W.2d 394, 397–98 (Mo. banc 1980). "[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case.... [I]t is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, *e.g.,* incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct." *Burks v. U.S.,* 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). "When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." *Id.* In a defective judicial process case, double jeopardy is not implicated by the prosecution's second opportunity to try the defendant. *Id. at* 18, 98 S.Ct. 2141. On remand for trial error, the state may build its case by presenting new evidence on any element. *Lockhart v. Nelson,* 488 U.S. 33, 42, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).

In determining that the state should be precluded from presenting evidence of any

other prior intoxication-related offenses of Ms. Severe on remand, the majority opinion treats this case as though it is an insufficiency of the evidence case. It is not. It is an erroneous application of the law regarding the standard of proof for DWI prior and persistent offender status. That is a matter of judicial error, not insufficiency of the evidence, and the state should be able to present new evidence on remand.

The concept of whether the prosecutor should be permitted to rely on this Court's rulings in deciding what evidence to present is analyzed in *Wood,* where evidence was admitted improperly. *Wood,* 596 S.W.2d at 398–99. Even though questions going to sufficiency of the evidence as well as trial error were raised on appeal, this Court held:

> The prosecution in proving its case is entitled to rely on the rulings of the court and proceed accordingly. If the evidence offered by the State is received after challenge and is legally sufficient to establish the guilt of the accused, the State is not obligated to go further and adduce additional evidence that would be, for example, cumulative. Were it otherwise, the State, to be secure, would have to assume every ruling by the trial court on the evidence to be erroneous and marshal[l] and offer every bit of relevant and competent evidence. The practical consequences of this would adversely affect the administration of justice, if for no other reason, by the time that would be required for preparation and trial of every case.

*Id.* Erroneous admission of evidence does not preclude retrial "even though when such evidence is discounted there may be evidentiary insufficiency." *State v. Kin-*

---

**3.** The fact that *Cobb* does not address the timing requirement of the statute has no bearing on Ms. Severe's case because the state *did* comply with the statute's timing requirement as the law at that time dictated. See discussion in text *infra.*

*kead*, 983 S.W.2d 518, 519 (Mo. banc 1998). These concepts apply equally to erroneous application of the standard of proof as to error in admitting evidence.

By precluding the state from presenting evidence on remand, the majority creates a special remedy for judicial error in DWI prior and persistent offender cases. It misinterprets section 577.023.8 to preclude the state from presenting evidence of prior offenses on remand. Section 577.023.8 specifies that, "[i]n a jury trial, the facts [establishing persistent offender status] shall be pleaded, established, and found prior to submission to the jury outside of its hearing." The timing requirement is a procedural requirement for trial; its purpose is to allow the judge to determine whether sentencing is to be decided by the jury or the judge prior to submitting the case to the jury. *State v. Teer*, 275 S.W.3d 258, 263 (Mo. banc 2009) (Fischer, J., concurring). It is crucial that the prior and persistent offender status be established and found *prior* to submission to the jury because, if the state cannot adduce evidence of the defendant's prior offenses, the issue of punishment must be submitted to the jury. *Id.* The purpose of the timing requirement is not contravened by the state having the opportunity to present evidence of the defendant's prior offenses on remand after a finding of judicial error, such as application of an erroneous standard of proof. There is no language in the statute to indicate that the legislature intended the procedure to apply on remand from an appellate court. The statute was not intended to govern such circumstance and has no application in the present case.

In this case, the prosecutor's conduct does not violate the holdings of *State v. Emery* or *State v. Teer*. 95 S.W.3d 98 (Mo. banc 2003); 275 S.W.3d 258 (Mo. banc 2009).[4] In those cases, this Court held that to sentence a defendant as a prior and persistent offender, the state must present evidence to prove the status before the case is submitted to the jury. *Emery*, 95 S.W.3d at 101; *Teer*, 275 S.W.3d at 261. When the state fails to offer this evidence at the proper time, it may not present evidence of the alleged prior and persistent offender status on remand because such an opportunity would violate the timing requirement of the statute. *Emery*, 95 S.W.3d at 101; *Teer*, 275 S.W.3d at 261.

This case is distinguishable from *Emery* and *Teer*. In *Emery*, the state failed to offer *any* evidence of the defendant's persistent offender status at trial. 95 S.W.3d at 101. In *Teer*, the state presented the evidence after the case had been submitted to the jury. 275 S.W.3d at 260. In this case, there was no prosecutorial laxity. The state *properly* and *timely* offered evidence of Ms. Severe's persistent offender status. The state complied with the mandatory pleading and proof requirements of section 577.023.8 during the trial. The offered evidence was sufficient to establish Ms. Severe as a prior and persistent offender until this Court decided *Turner v. State*, 245 S.W.3d at 826.

To support its conclusion, the majority opinion wrongfully states that *"Turner* created no new law." *Turner* overruled *Meggs*. This Court was not bound to follow the court of appeals interpretation of section 577.023 in *Meggs* and was free to determine that the court of appeals' inter-

---

**4.** *Emery* and *Teer* dealt with section 558.021.2, whereas this case deals with 577.023. Section 577.023 provides for extended prison sentences for those who are prior or persistent offenders of intoxication-related offenses. Section 558.021 provides for sentence enhancement for those who are prior or persistent offenders of other offenses. Both statutes contain identical language that requires presentation of such evidence prior to the case's submission to the jury.

pretation was erroneous. However, until that occurred, the court of appeals' interpretation of section 577.032 was the existing law, and the state and the trial court were properly were following that precedent. *See Lombardo v. Lombardo,* 120 S.W.3d 232, 243 (Mo.App.2003) (lower courts are bound by the decisions of appellate courts).

In further justifying its holding, the majority says that the state should not be given "two bites at the apple" by being permitted to have the case remanded so it could present evidence of other DWI convictions of Ms. Severe. That rationale invokes concepts of fairness and in doing so the majority ignores the fact that it is granting Ms. Severe plain error relief. Ms. Severe did not preserve her challenge to the standard of proof by raising the issue at trial. While I agree that is it fundamentally fair to grant Ms. Severe plain error relief in light of this Court's holding in *Turner,* it is fundamentally unfair to require the state to predict a post-trial change in the standard of proof when that issue never was raised at trial. I do not agree that the language of the statute alone should have put the state on notice that it could not rely on the standard of proof established by *Meggs.*

The majority's opinion is contrary to precedent and unfairly precludes the state from offering evidence of Ms. Severe's prior DWI convictions on remand. The adjudication that Ms. Severe was a persistent offender was reversed because the trial court used an erroneous standard of proof, and on remand the state should be permitted to present additional evidence. Such an outcome does not offend the timing requirement for presenting of evidence of prior and persistent offender status at trial imposed by section 558.021.2 or the cases holding that such timing requirement is mandatory. Nor does the remand for additional evidence offend the Double Jeopardy Clause.