**STATE of Missouri, Plaintiff/Respondent,**

**v.**

**James K. WILSON, Defendant/Appellant.**

**No. ED 95423.**

Missouri Court of Appeals, Eastern District, Division Five.

July 12, 2011.

RSMo Supp.2006; section 566.067.2 RSMo Supp.2006; section 558.011.1(2) RSMo Supp. 2006.

Kathleen G. Henry, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

MARY K. HOFF, Judge.

James K. Wilson (Defendant) appeals from the judgment upon his conviction by a jury for one count of driving while intoxicated (DWI) in violation of Section 577.010, RSMo Cum.Supp.2008,[1] and one count of resisting/interfering with arrest for a felony in violation of Section 575.150. The trial court sentenced Defendant to a term of twelve years for the DWI count, to be served consecutively to a term of four years for the resisting arrest count. We affirm in part, and reverse and remand in part.

### Factual and Procedural History

In this appeal, Defendant contends that the evidence presented at trial was insufficient to sustain his conviction for DWI. Viewed in the light most favorable to the jury's verdict, the evidence showed as follows:

On the morning of May 25, 2009, Barbara Lehmen was at home, doing housework and her dog, Dippy, sat in a rocking chair nearby. Dippy had a habit of getting excited anytime someone walked by the house or stopped in a car. At around 9:00 a.m., a vehicle pulled up in front of Ms. Lehmen's house, causing Dippy to start scratching at the windows. Ms. Lehmen looked out and saw a maroon pickup stopping in the street in front of her house. She could see the shadow of someone moving inside the truck, but could not tell who

---

1. All statutory references are to RSMo Cum. Supp.2008, unless otherwise noted.

it was because the windows were tinted. Ms. Lehmen stood and watched the truck for a few minutes, thinking it might belong to a friend. However, when she realized that it was not her friend's truck and that its occupant was not getting out, she returned to her house cleaning.

Approximately half an hour later, at 9:30 a.m., Dippy got excited again. When Ms. Lehmen looked outside, she saw that the police had arrived. Chief of Police, City of Linn, Richard Bray encountered the pickup truck parked in the westbound lane of the street, facing east as he was patrolling. Chief Bray walked up to the driver's side of the truck to investigate, and saw, through the open window, Defendant reclining in the driver's seat.

Chief Bray asked Defendant if he was alright and told him that he needed to move his truck. Chief Bray testified that Defendant's response was mostly incoherent; his speech was slurred and he appeared to be disoriented. He told Chief Bray that he was "just having fun." A strong odor of intoxicants was emanating from the truck and the truck's engine was still running. Defendant did not respond when Chief Bray asked him to turn off the engine, so he reached through the window and switched the vehicle off himself.

Chief Bray asked Defendant several times to step out of the truck, but Defendant mumbled unintelligibly in response. When Chief Bray and other officers at the scene tried to pull Defendant out of the truck, Defendant locked his hands around the steering wheel. Eventually, the officers managed to get Defendant under control, placed him under arrest, and transported him to the sheriff's department. Defendant was unsteady on his feet; he was swaying and stumbling. After he arrived at the station, Defendant submitted to a breath test, which showed a blood-alcohol content (BAC) of 0.273%.

Defendant was charged by second amended information with one count of driving while intoxicated and one count of resisting arrest for his actions that required a tasering while outside in the truck, before he was brought into the jail. At the closing argument, the prosecutor made the following remarks:

> Defendant said he didn't even remember what he was driving or where he was. Again, all indicators of being way too intoxicated to be operating a motor vehicle on the same streets that we drive on.

> Your job here today, Ladies and Gentlemen, is to let the Defendant know that it's not acceptable to get that intoxicated and drive a vehicle on the same roads as you and I.

At the close of all evidence and arguments, the jury convicted Defendant of both counts, as charged. Before the case went to the jury, the state introduced exhibits showing four prior DWI convictions. The trial court made no finding as to Defendant's status as a chronic offender at that, or any other time at trial. However, after the jury returned its verdicts, the trial court stated it would do the sentencing because of "all these priors." The trial court ordered a sentence advisory report. The prosecutor recommended the maximum range of punishment on both counts. The court thought more prison time was appropriate and sentenced Defendant to twelve years imprisonment on the DWI count, to be served consecutively to four years on the resisting arrest count. Defendant filed a motion for new trial, which the trial court denied. This appeal follows.

### Standard of Review

Defendant concedes that Points I and III were not preserved and asks for plain error review. Rule 30.20 requires a finding that manifest injustice or a miscarriage

of justice has resulted from the trial court error. Rule 30.20; *State v. Severe*, 307 S.W.3d 640, 642 (Mo. banc 2010). Rule 30.20 provides that we can conduct plain error review of sentences as being sentenced to a punishment greater than the maximum sentence for an offense constitutes a plain error resulting in manifest injustice. *Severe*, 307 S.W.3d at 642. The standard of review on Point II is limited to whether sufficient evidence exists from which a reasonable fact-finder might have found the defendant guilty beyond a reasonable doubt. *State v. Freeman*, 269 S.W.3d 422, 425 (Mo. banc 2008).

### Discussion

In his first point, Defendant argues the trial court plainly erred in sentencing him as a chronic offender because the sentencing violated Section 577.023 in that the statute requires the state to plead and establish, and the court to find, facts establishing chronic offender status prior to submission of the case to the jury, which did not happen in this case. We agree.

In *State v. Collins*, the Missouri Supreme Court recently held that:

> Under [Section 577.023], for a defendant to be convicted as a chronic offender, (1) the information or indictment must plead all essential facts warranting such a finding, section 577.023.7(1); (2) evidence must establish "sufficient facts pleaded" to warrant a finding beyond a reasonable doubt that the defendant is a chronic offender, section 577.023.7(2); (3) the court must make findings of fact that warrant such a finding beyond a reasonable doubt, section 577.023.7(3); and, (4) in a court-tried case, the presentation of evidence and court findings must be done prior to sentencing. Section 577.023.9.

*State v. Collins*, 328 S.W.3d 705, 708 (Mo. banc 2011). In *Collins*, the court vacated the defendant's sentence and, because case law prohibits the state from presenting evidence of a defendant's prior offender status on remand as that would violate the timing requirements of the statute, held that the defendant could be re-sentenced for the class B misdemeanor offense of DWI. *Id.* at 710.

Similarly, in *State v. Severe*, 307 S.W.3d 640 (Mo. banc 2010), the Missouri Supreme Court held that the state did not follow the "plain language" of Section 577.023.16 when it failed to present evidence of defendant's prior convictions and when it relied on a municipal violation as one of the prior convictions in violation of the statute. *State v. Severe*, 307 S.W.3d 640, 644 (Mo. banc 2010). The court held: "Because of the timing requirements of the statute—which requires the trial court to determine persistent offender status before the case is submitted to the jury—there is no opportunity for the state to have a twice-bitten apple." *Id.* at 641. The court did not allow the state to present further evidence as to prior convictions at the re-sentencing. *Id.* at 645.

Here, although the State introduced exhibits showing prior convictions before the case was submitted to the jury, the trial court made no finding as to whether Defendant was a chronic offender as required by Section 577.023.7(3) and Section 577.023.8. After the jury returned its verdict, the trial court stated: "We need to do a couple things. First of all, I need to determine—I didn't say this on the record, but it's very clear there were all of these felonies that—or not felonies. There were all these priors, including a B felony, that we did have as priors, so the jury is not going to be doing the sentencing. Do you want me to order a sentence advisory report?" **(Tr. 499)**

At the time of trial, Section 577.023.7(3) provided that: "The state, county, or mu-

nicipal court shall find the defendant to be a prior offender, persistent offender, aggravated offender, or chronic offender if: ... (3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, aggravated offender, or chronic offender." Section 577.023.8 provided that: "In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing."

The statements made by the Court do not amount to a clear and concise finding of chronic offender status as required in *Collins* and *Severe*.[2] The trial court's actions in this case are deficient in that the court failed to make a finding of chronic offender status before submitting the case to the jury. Therefore, we remand for resentencing as the trial court cannot sentence Defendant as any type of prior offender for the DWI offense.

▮ In his second point, Defendant argues the trial court erred in denying the motion for a directed verdict because the verdict was against the weight of the evidence in that there was insufficient evidence to prove defendant was operating the vehicle as required by Sections 577.001, 577.010. We disagree.

"A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Section 577.010.1. Thus, to obtain a conviction for DWI, the State must prove beyond a reasonable doubt that the defendant (1) operated a vehicle; (2) while intoxicated. *State v. Mitchell*, 203 S.W.3d 246, 249 (Mo.App. S.D.2006). "Operates" is defined by statute as "physi-cally driving or operating a motor vehicle." Section 577.001.2.

Defendant admits that when the police found him in his truck at 9:30 a.m. on May 25, 2009, he was intoxicated; however, he claims that the evidence did not show that he was "physically driving or operating a motor vehicle." Instead, he contends that he was merely sleeping in his parked pickup truck. However, contrary to his argument, both direct testimonial evidence and circumstantial evidence showed that he had operated his vehicle, in an intoxicated state, shortly before Chief Bray and the other police officers found him semi-conscious in the parked truck.

Ms. Lehmen testified she saw Defendant's truck pull up and park in the street in front of her house approximately 30 minutes before the police arrived. She stated that no one got out of the truck during the several minutes she watched it. When Chief Bray and the other officers came upon the truck later, they found Defendant still sitting behind the wheel, with the engine running. *See Cox v. Director of Revenue*, 98 S.W.3d 548, 550–51 (Mo. banc 2003) (holding that police had probable cause to believe that defendant was operating his vehicle where defendant was found sleeping in the driver's seat of his car with the key in the ignition and the engine running). This evidence was, in itself, sufficient to prove that Defendant had operated the truck.

Moreover, the evidence was more than sufficient to show that Defendant was intoxicated when Chief Bray encountered him sitting in the truck outside Ms. Lehmen's house. Defendant was semi-consciousness, his speech was mumbled and incoherent, he appeared disoriented, and he smelled strongly of alcohol. From this

---

**2.** *See also State v. Starnes*, 318 S.W.3d 208 (Mo.App. W.D.2010) in which the court reversed a lower court decision because the court found that the language of the statute is mandatory, requiring the matter be remanded for resentencing. *Starnes*, 318 S.W.3d at 214.

evidence, it could be reasonably inferred that Defendant drove while intoxicated. *See State v. Johnston,* 670 S.W.2d 552, 557 (Mo.App. S.D.1984) (defendant was found drunk 28 minutes after he was observed driving). Here, where Defendant was found so drunk that he was barely conscious just 30 minutes after he had been seen driving, the jury could reasonably infer that he had been drunk at the time he drove.

Moreover, Defendant's highly elevated blood-alcohol level provided additional compelling evidence that Defendant was intoxicated at the time he operated his vehicle. *See State v. Varnell,* 316 S.W.3d 510, 518 (Mo.App. W.D.2010) (observing that where the defendant's BAC was nearly three times the legal limit within hours of a car accident, "it strains credulity to suggest that he was not intoxicated at the time of driving"). Here, a blood-alcohol test revealed that Defendant's BAC was well over three times the legal limit just 90 minutes after he stopped his truck in front of Ms. Lehmen's house. The jury could reasonably conclude, based on Defendant's highly elevated BAC, that he was already intoxicated when he operated the vehicle. Finally, the circumstances surrounding Defendant's driving showed that he was intoxicated. *Varnell,* 316 S.W.3d at 516 (holding that "the circumstances of an accident, when coupled with other supporting evidence and interpreted in the light most favorable to the judgment, can provide additional competent evidence of drunk driving"). The evidence presented at trial was sufficient to support a reasonable inference that Defendant drove while intoxicated. Point II is denied.

■ In his third and final point, Defendant Defendant argues that the trial court plainly erred in failing to *sua sponte* declare a mistrial during the prosecutor's closing argument. We disagree.

■ "Plain error relief as to closing argument should rarely be granted and is generally denied without explanation." *State v. Garner,* 14 S.W.3d 67, 76 (Mo.App. E.D.1999). "Such review is discouraged because the trial court's options are narrowed to uninvited interference with summation." *State v. Hall,* 319 S.W.3d 519, 523 (Mo.App. S.D.2010).

Here, Defendant points to the final portion of the prosecutor's argument:

... [T]he Defendant said he didn't even remember what he was driving or where he was. Again, all indicators of being way too intoxicated to be operating a motor vehicle on the same streets that we drive on.

Your job here today, Ladies and Gentlemen, is to let the Defendant know that it's not acceptable to get that intoxicated and drive a vehicle on the same roads as you and I.

Defendant contends that this argument improperly personalized the case to the jury by suggesting that Defendant posed a personal danger to them. Defendant's claim is without merit.

Here, although the prosecutor referred to "you and I" when addressing the jury in closing argument, her remarks could reasonably have been interpreted as a proper argument regarding the importance to the community of punishing drunk drivers, rather than as an improper attempt to suggest that the jurors themselves were in danger. The prosecutor's argument that Defendant was too drunk to drive "on the same streets that we drive on" and that "it's not acceptable to get that intoxicated and drive a vehicle on the same roads as you and I" was a rhetorical reference to protecting the community as a whole from drunk drivers.

Defendant has not shown that the prosecutor's argument had a decisive effect on

the outcome of the trial. The evidence of Defendant's guilt was overwhelming. Point III is denied.

### Conclusion

We vacate the sentence and remand for resentencing with respect to Point I. In all other respects, the judgment is affirmed.

GARY M. GAERTNER, JR., Presiding Judge and PATRICIA L. COHEN, Judge, concur.