

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD37427
)
JOHN A. HAYES, ) **Filed: March 28, 2023**
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable David A. Dolan

**<u>AFFIRMED</u>**

John A. Hayes ("Defendant") appeals his convictions, after a jury trial, of one count of first-degree statutory rape and one count of first-degree statutory sodomy for acts he committed against his step-daughter ("Victim").[1] In this appeal, Defendant claims that his constitutional right to a unanimous jury verdict as set forth in ***State v. Celis-Garcia***, 344 S.W.3d 150, 152 (Mo. banc 2011), was violated. In two points, Defendant claims the circuit court plainly erred by failing to reject, *sua sponte*, two verdict-directing instructions to the jury "in a multiple[-]acts case [that] allowed for a non-unanimous verdict[.]"

---

[1] *See* sections 566.032 and 566.062. Unless otherwise indicated, all statutory citations are to RSMo 2016. The State charged Defendant with one count of first-degree statutory rape and three counts of first-degree statutory sodomy, but the jury found him not guilty of the two counts of statutory sodomy that were based upon the claims that Defendant had inserted his penis into Victim's anus and mouth.

1

Because Defendant fails to facially establish substantial grounds to believe that a manifest injustice or miscarriage of justice resulted, we deny plain-error review and affirm the judgment of the circuit court.

## Background

We view the evidence in the light most favorable to the jury's verdict. *Celis-Garcia*, 344 S.W.3d at 152. Victim was eleven years old at the time of the criminal conduct at issue. Victim initially shared a room with her brother, but she eventually moved into her own room.

In October 2019, Victim told her mother ("Mother") that Defendant had been having sex with her. Victim told Mother that for approximately two months, Defendant had been coming into her room every other night in the early-morning hours while everyone else was asleep. Victim said that the sexual abuse started in the room that she shared with her brother, where Defendant inserted his finger into her vagina. After Victim moved into her own room, the abuse continued, and it progressed to Defendant engaging in sexual intercourse with her.

## Analysis

Because Defendant's points fail for the same reason, we address them together. Defendant claims the circuit court plainly erred in submitting the verdict directors at issue because they did not identify the specific incident or incidents that the jury was required to agree upon in order to find him guilty of first-degree statutory sodomy and first-degree statutory rape, thereby violating his right to a unanimous jury verdict on both counts.

Defendant concedes that he made no objection to the verdict directors at trial, and he therefore requests plain-error review under Rule 30.20.[2] "Instructional error seldom constitutes plain error." ***State v. Jones***, 619 S.W.3d 138, 146 (Mo. App. E.D. 2021).

> An unpreserved claim of error can be reviewed only for plain error, which requires a finding of manifest injustice or a miscarriage of justice resulting from the trial court's error. *State v. Severe,* 307 S.W.3d 640, 642 (Mo. banc 2010). For instructional error to constitute plain error, the defendant must demonstrate the trial court "'so misdirected or failed to instruct the jury' that the error affected the jury's verdict." *State v. Dorsey,* 318 S.W.3d 648, 652 (Mo. banc 2010) (quoting *State v. Salter,* 250 S.W.3d 705, 713 (Mo. banc 2008)).

***Celis-Garcia***, 344 S.W.3d at 154.

Here, the trial court instructed the jury on first-degree statutory rape in Instruction Number 5, which read, in relevant part, as follows:

> As to Count [1], if you find and believe from the evidence beyond a reasonable doubt:

> First, that between July 1, 2019 and October 6, 2019, in the County of Scott, State of Missouri, [Defendant] knowingly had sexual intercourse with [Victim], and

> Second, that at that time [Victim] was a child less than fourteen years old, then you will find [Defendant] guilty under Count [1] of statutory rape in the first degree.

The language in Instruction Number 7, which instructed the jury on first-degree statutory sodomy, was identical to Instruction Number 5, except that it substituted the language "deviate sexual intercourse with [Victim], by inserting his finger into her vagina" for "sexual intercourse[.]"

---

[2] Missouri Court Rules (2023).

Defendant argues that the instructions violated his right to a unanimous jury verdict because, at trial, the State presented evidence of separate and distinct acts of sexual abuse, yet the jury was not instructed that it must unanimously agree on any of these acts in order to convict Defendant. Defendant's arguments fail because they are based on a false premise.

Defendant is correct in claiming that the Missouri Constitution protects a Defendant's right to a unanimous jury verdict in a criminal case. *Celis-Garcia*, 344 S.W.3d at 155. "For a jury verdict to be unanimous, 'the jurors [must] be in substantial agreement as to the defendant's acts, as a preliminary step to determining guilt.'" *Id.* (quoting 23A C.J.S. *Criminal Law* § 1881 (2006)). But Defendant's argument that his right to a unanimous verdict was violated is premised on the false assumption that this was a "multiple acts" case as contemplated by *Celis-Garcia*, which addressed a case in which evidence was presented of multiple, *distinct* criminal acts, each of which could serve as the basis for a criminal charge, but the defendant was charged with those distinct acts in a single count.[3] *Id.* at 155-56.

*Celis-Garcia* and its progeny have noted that a court does not err in submitting multiple criminal acts in a single verdict director "when the evidence would not easily allow the jury to rely upon different acts to find the defendant guilty of multiple[-]acts counts." *Jones*, 619 S.W.3d at 147. Specifically, *Celis-Garcia* distinguished the facts in that case – in which there was evidence of separate, distinct criminal acts – from "factual scenarios involving 'repeated, identical sexual acts committed at the same location and

---

[3] In *Celis-Garcia*, the defendant "relied on evidentiary inconsistencies and factual improbabilities respecting each specific allegation of hand-to-genital contact, which made it more likely that individual jurors convicted her on the basis of different acts." *Jones*, 619 S.W.3d at 147.

during a short time span' and where the victim may be 'unable to distinguish sufficiently among the acts.'" ***Hogan v. State***, 631 S.W.3d 564, 573 (Mo. App. W.D. 2021) (quoting ***Celis-Garcia***, 344 S.W.3d at 157 n.8).

In the latter type of case (as here),

> [e]vidence of [a defendant's] conduct in committing the same offense against a child victim in a repeated, indistinguishable manner renders it impossible for the jury to differentiate between the repeated acts falling within each verdict director, such that there is no violation of a defendant's right to unanimity. *State v. Walker*, 549 S.W.3d 7, 12 (Mo. App. W.D. 2018) (multiple acts of statutory rape committed in an identical manner in the same location approximately every other day over a period of time); *State v. Armstrong*, 560 S.W.3d 563, 570-74 (Mo. App. E.D. 2018) (repeated acts of statutory sodomy, attempted statutory sodomy, and child molestation were committed in the same manner and location during each charged time period). When the jury has no evidentiary basis upon which to differentiate between the repeated acts, the defendant's right to a unanimous verdict is not at risk of being violated. *Walker*, 549 S.W.3d at 12.

***Jones***, 619 S.W.3d at 147.

While Victim testified that Defendant had sexually abused her repeatedly, and on a consistent and continuing basis, she testified that each time was indistinguishable to her.[4] She testified that while Defendant would always insert his finger into her vagina, he only had intercourse with her after she moved to her own bedroom. Apart from Victim's testimony that Defendant only inserted his finger in her vagina and did not have sexual intercourse with her on one occasion when she was sharing a bedroom with her brother

---

[4] In her forensic interview, Victim testified that Defendant put his fingers in her vagina, and his penis in her vagina, every other day for two months. The only time she distinguished between any of the incidents was with respect to the first time, when Victim told the forensic interviewer that Defendant only put his finger in her vagina that time and did not have sex with her that time. Based upon that interview, the State charged Defendant with first-degree statutory sodomy in a separate count for the digital penetration as that particular event was distinguishable from the others.

5

(which was charged in a separate count), the jury had no evidentiary basis upon which to differentiate between the repeated acts of sexual intercourse. *Id.*

Further, it is clear from the record that trial counsel's strategy at trial was to pursue an outright acquittal by convincing the jury that Victim's allegations were not credible. Defense counsel argued that Victim was upset that Defendant had taken away her Xbox, and she retaliated by making up the allegations to get back at him. Defense counsel consistently maintained throughout the trial that Victim was lying -- that the abuse did not happen and could not have happened. "When considered on direct appeal, a trial court does not commit plain error for failing to take action *when the record clearly indicates* that the defendant's counsel strategically allowed that action."[5] *State v. Beerbower*, 619 S.W.3d 117, 126 (Mo. App. S.D. 2020) (quoting *State v. Snyder*, 592 S.W.3d 375, 381 (Mo. App. S.D. 2019)).

Because Defendant's brief does not facially establish "substantial grounds for believing that manifest injustice or miscarriage of justice has resulted" from the claimed plain-error, *see State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (internal quotations and citations omitted), we decline plain-error review and affirm the judgment of the circuit court.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[5] Thus, defense counsel affirmatively stated that he had no objections to instructions 5 and 7, other than that they "[don't] meet the evidentiary standard[.]"